JOSEPHINE KLINE, Respondent, *v.* ABRAHAM ABRAHAM et al., Appellants.

NEGLIGENCE — RISK OF EMPLOYMENT. The owners of a store who have constructed therein marble stairs for the use of their employees and patrons, assuming that they were slippery by reason of the smoothness or polish, are not liable to a clerk for an injury resulting from slipping thereon, where she was perfectly familiar with their condition, having used them several times each day, and, therefore, must be deemed to have assumed the risk incidental to their use.

*Kline* v. *Abraham*, 80 App. Div. 641, reversed.

(Argued April 4, 1904; decided April 26, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* for appellants. There is no evidence in the case to warrant a finding that the accident was due to the negligence of the defendants, and the complaint should have been dismissed on the ground that upon all the evidence no cause of action was established. (*Burke* v. *Witherbee*, 98 N. Y. 562; *Probst* v. *Delamater*, 100 N. Y. 266; *Sisco* v. *R. R. Co.*, 145 N. Y. 296; *Stringham* v. *Hilton*, 111 N. Y. 188; *Harley* v. *B. C. Mfg. Co.*, 142 N. Y. 31; *Carlson* v. *B. Co.*, 132 N. Y. 277; *Crocheron* v. *N. S. S. I. F. Co.*, 56 N. Y. 656; *Kelly* v. *M. Ry. Co.*, 112 N. Y. 443; *Frobisher* v. *F. A. T. Co.*, 151 N. Y. 431; *McGrell* v. *B. O. B. Co.*, 153 N. Y. 265.) It was perfectly apparent to the plaintiff that the marble treads of the stairway in question were not covered with any rubber matting, carpeting or other material, and if the use of a marble stairway of this character without such appliances requires a greater degree of care and caution, in order that the same may be used with safety, such condition was open, obvious and apparent to the plaintiff, and the risk incidental thereto was accepted and assumed by her. (*Sweeney* v. *B. & J. E. Co.*, 110 N. Y. 520; *Crown* v. *Orr*, 140 N. Y. 450; *Knisley* v. *Pratt*, 148 N. Y. 372; *Drake* v. *A. C. R. Co.*, 173 N. Y. 466; *Maltbie* v. *Belden*, 167 N. Y. 312; *Koehler* v. *S. S. Mfg. Co.*, 12 App. Div. 50; *Kleinast* v. *Kunhardt*, 160 Mass. 230; *Murphy* v. *A. R. Co.*, 159 Mass. 266; *Adkins* v. *A., etc., Ry. Co.*, 27 S. C. 71; *Field* v. *N. Y. C. & H. R. R. R. Co.*, 86 App. Div. 148; *Hathaway* v. *A. S. & T. P. Co.*, 58 N. E. Rep. 718.)

*Thomas F. Magner* for respondent. The defendants were guilty of negligence. (*Pantzar* v. *T. F. I. M. Co.*, 99 N. Y.

371; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Slacer* v. *F. E. Co.*, 4 Misc. Rep. 493; *Fancher* v. *N. Y., L. E. & W. R. R. Co.*, 75 Hun, 350.)

HAIGHT, J.    This action was brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendants in their dry goods store in the borough of Brooklyn on the 13th day of April, 1898.

The defendants had recently constructed a new stairway with marble steps leading from the first floor of their building to the basement.    The new stairway was opened for use by the public sometime in December, 1897, and was thereafter extensively used by the patrons of the defendants and by their employees.    The plaintiff was an assistant cashier and up to the time of her injuries had been engaged in the discharge of her duties, as such, at the glove counter in the defendants' store situated near the top of the stairway, which she had been in the habit of using, going up and down twice each day to the cashier's office.    At the time of the accident she was going down the stairway to turn over the money she had collected to the cashier, having her cashbox under one arm and a stamp for marking receipts in the other hand.    She had descended the stairway as far as the square landing five or six steps from the foot without having hold of the railing and then in stepping from the landing to the next step her feet slipped causing her to fall and receive an injury to the rudimentary bones at the end of the spinal column.

Upon the trial the testimony of the plaintiff's witnesses was to the effect that the marble steps were "slippery as ice," "smooth as glass," and "highly polished."    While on the part of the defendants it was shown that the marble steps had been rubbed down with pumice stone, making a smooth, but not a polished, surface, and that such is the recognized and customary finish in general use in buildings where marble is used for steps or floors.    It further appeared on behalf of the plaintiff that several persons had previously slipped upon these stairs.    While on behalf of the defendants it was shown

that only seven persons had been reported as having slipped upon the stairs; that they were used extensively by the patrons and employees of the defendants, about two thousand persons going up and down the stairs daily; that the defendants were engaged in the conduct of a large retail store which was daily thronged with customers and that accidents of various kinds were of common occurrence; that they kept a book in which was entered an account of the accidents as they occurred and that the number ranged from five hundred to six hundred during a year. It further appeared that the defendants had under advisement the supplying of rubber treads to be placed upon the marble steps and that an estimate of the expense had been called for, but that such treads had not, at the time of the accident, been adopted. At the conclusion of the plaintiff's evidence the defendants asked for a dismissal of the complaint upon the ground that the evidence did not show that the plaintiff was free from negligence contributing to the accident; that no negligence had been shown on behalf of the defendants, and that the condition of the stairs was open, obvious and apparent to the plaintiff and was a part of the risk of her employment. This was denied, and an exception was taken by the defendants. At the close of the case the same motion was renewed, with like result. We think the motion should have been granted.

Marble, in the construction of public buildings, large fireproof hotels and stores upon the floors and stairways, has been in common use for many years. The surface is smooth and a person walking thereon is required to use care to avoid slipping. The same is equally true with reference to floors and stairs constructed of hard wood, especially where the surface has been polished as in the case of many of our more expensive private residences, but heretofore the construction of such floors or stairways has not been considered to be dangerous, unlawful or a nuisance. It has not been generally understood that a master, charged with the duty of furnishing a safe place for his servant to work, failed in his obligation by reason of his having supplied marble stairs. In this case, as we have

seen, the plaintiff was perfectly familiar with these stairs. She had been up and down the staircase at least twice daily and must have known of its condition. It was an open, visible structure having no latent, hidden or unseen defects. It is not pretended that there was any foreign substance upon the steps to make them more slippery. If they were slippery by reason of their smoothness or polish, that fact was as apparent to her as it was to her employers; she knew that the steps were not covered with rubber treads, carpets or other material, and we think the risk incidental to their use was assumed by her. (*Sweeney* v. *Berlin & Jones Envelope Co.*, 101 N. Y. 520; *Gibson* v. *Erie Ry. Co.*, 63 N. Y. 452; *DeForest* v. *Jewett*, 88 N. Y. 264; *Maltbie* v. *Belden*, 167 N. Y. 307, 312, and see authorities there cited.)

The judgment of the Appellate Division and that of the trial court should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., O'Brien, Bartlett, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.