MITCHELTREE v. STAIR et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. LANDLORD AND TENANT (§ 167*)—INJURIES TO THIRD PERSONS—CARE REQUIRED—BUILDINGS.

The only duty of lessees of a theater to a member of a theatrical company performing therein was to use reasonable care to keep the building in reasonable repair; such person not being their employé.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 167.*]

2. LANDLORD AND TENANT (§ 168*) — INJURIES TO THIRD PERSONS — MAINTENANCE OF BUILDINGS—IRON STAIRWAY.

The perforated iron steps of a stairway leading to the dressing rooms in a theater leased by defendants became smooth and slippery from long use, and plaintiff, an actress, slipped thereon, and was injured while going to her dressing room during a performance. Plaintiff had used the stairway at least 12 times each performance during some 48 performances. *Held*, that defendant was not negligent in permitting the steps to become slippery, so as to be liable for such injuries; plaintiff having assumed any risk in using the stairs.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 168.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Trial Term, New York County.

Action by Mayme Mitcheltree against Edward W. Stair 'and anoth-
·er, impleaded with others. From a judgment for plaintiff and an or-
·der denying a new trial, defendant named and another appeal. Re-
versed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE,
HOUGHTON, and SCOTT, JJ.

John .V. Bouvier, Jr., for appellants.
Terence J. McManus, for respondent.

McLAUGHLIN, J. On the 2d of December, 1903, the plaintiff
was a member of a theatrical company giving performances at a thea-
ter in the city of New York of which the appellants were the sublessees
and managers. The dressing room which the plaintiff used was in
the basement, and was reached from the stage by means of an iron
stairway, which extended from one side of the stage down about eight
steps to a landing, against the wall of the building, and then down
from the landing at right angles about eight steps more. On the after-
noon of the day in question a performance was given. After the
close of the first act, the plaintiff started to go down these steps to the
dressing room to change her costume for the second act, and in doing
so she slipped on the first or second step and fell to the landing be-
low, sustaining very serious injuries. This action was brought to
recover the damages sustained, on ground that the same were caused
by the negligence of the appellants, in that they had failed to provide
proper lights for the stairway, and also in that they had permitted the
steps or treads, which were of perforated iron, to become smooth and
slippery. The plaintiff had a verdict of $5,000, and from the judgment
entered thereon and an order denying a motion for a new trial this
appeal is taken.

At the trial some evidence was introduced to the effect that the
stairway was insufficiently lighted, but no proof whatever was offered
to the effect that this was the cause of or contributed to the accident;
the proof conclusively establishing that it was due to the smooth and
slippery condition of the steps. The stairway was used by a large num-
ber of people at each performance, and there is sufficient evidence that
the perforated iron steps or treads had been worn smooth and were
slippery, especially on the edges. The plaintiff testified she had to go
up and down the stairway at least twelve times during each perform-
ance and the company had given eight performances a week at the
theater .from the previous October 13th to the time the accident oc-
curred, and it appeared that at least one other person had slipped and
fallen on the stairway during that time.

I am unable to distinguish this case from that of Kline v. Abraham,
178 N. Y. 377, 70 N. E. 923. There the defendants had constructed
in their store a marble stairway, the steps of which by reason of use
had become smooth and slippery. Plaintiff, one of their employés, and
who had been accustomed to go up and down the stairs twice each
day, slipped, fell, and was injured. She fell because of the slippery
condition of the steps on which other persons had prior thereto also

slipped. She had a recovery, which was affirmed by the Appellate Division (80 App. Div. 641, 81 N. Y. Supp. 1132), but on appeal the judgment was reversed and a new trial granted. Judge Haight who delivered the opinion, in which the other members of the court concurred, said:

"Marble in the construction of public buildings, large fireproof hotels, and stores upon the floors and stairways has been in common use for many years. The surface is smooth, and a person walking thereon is required to use care to avoid slipping. The same is equally true with reference to floors and stairs constructed of hard wood, especially where the surface has been polished as in the case of many of our more expensive private residences, but heretofore the construction of such floors or stairways has not been considered to be dangerous, unlawful, or a nuisance. It has not been generally understood that a master, charged with the duty of furnishing a safe place for his servant to work, failed in his obligation by reason of his having supplied marble stairs. In this case, as we have seen, the plaintiff was perfectly familiar with these stairs. She had been up and down the staircase at least twice daily and must have known of its condition. It was an open, visible structure, having no latent, hidden, or unseen defects. It is not pretended that there was any foreign substance upon the steps to make them more slippery. If they were slippery by reason of their smoothness or polish, that fact was as apparent to her as it was to her employers. She knew that the steps were not covered with rubber treads, carpets, or other material, and we think the risk incident to their use was assumed by her."

It certainly cannot be claimed that an iron stairway is any more inherently dangerous than a stairway of marble, and, if the plaintiff in the case cited could not recover, I do not see how this one can. Here the plaintiff was not an employé of the appellants, and their duty was simply to keep the building in reasonable repair. In the Kline Case the court held that the defendants had not failed in their duty to furnish the plaintiff a reasonably safe place in which to work by reason of having supplied marble stairs, which were smooth and had been worn slippery by use, and for the same reason it cannot be said that the appellants here had failed in their duty to keep the building in repair by reason of the fact that the iron steps had become smooth or slippery by use.

But it is suggested that the Kline Case was decided upon the ground that the plaintiff had there assumed the risk. In the present case, however, the plaintiff had been using the stairs for several weeks, during which time she had gone up and down them several hundred times. She must therefore have known of the condition of the stairs, and assumed whatever risk there was attendant upon their use. The situation is even less favorable to her than it was to the plaintiff in the Kline Case, because here the appellants were under no obligation to furnish her with a reasonably safe place to work, but only to use reasonable care in keeping the building, including the stairway, in repair.

The judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to appellants to abide event. All concur.