Feawcis X. Conlon, J.
The motion to dismiss the complaint in this lawsuit is granted.' This is an action for personal injuries allegedly sustained by the plaintiff when he was precipitated down a common stairway in a hallway as the result of an allegedly defective carpet or stair covering.
Among other arguments advanced by the defendant in this motion to dismiss, the most cogent is the failure of actual or constructive notice to the defendant by the plaintiff.
It is a general and well-settled rule that where it is claimed that a person is injured through the defective maintenance of a stairway, the owner or landlord, in order to be liable, must have knowledge of the defective condition complained of, or the condition must have existed for so long a period of time that in the exercise of due care, it was his duty to know of the condition.
The record, here, is barren of any proof of actual or constructive notice. Neither from the plaintiff nor his witness has any evidence been adduced to the effect that the defendant knew of or that the condition existed for sufficiently long a time that it was his duty, in the exercise of due care, to know of the condition. The only proof submitted has been the testimony of the plaintiff that he had been there the night before, and that on a previous occasion, he had mentioned something to his witness. With reference to both pieces of testimony, motions were made and granted to strike them for various legal reasons from the record. In addition, the plaintiff’s own witness testified “it was so dark, I couldn’t see the steps.” Furthermore, in an attempt to prove notice, counsel asked, ‘ ‘ Was the condition that you slipped or tripped * * * on last night the same one you tripped or slipped on the morning of May 22,1957 ’ ’, and received the answer, ‘ ‘ I don’t remember. ’ ’
In the Matter of Bottalico v. City of New York (281 App. Div. 339), the court held that evidence of constructive notice may not be formal and pat.
The defendant, also, moves to dismiss the complaint on the ground that a release executed and delivered by the plaintiff to the defendant in the sum of $500 is a bar as a matter of law to plaintiff’s claim. The court is inclined to agree with the defendant’s contention. The circumstances of each individual case must determine whether the release becomes a question of fact for the jury or a matter of law for the court (Viskovich v. Walsh-Fuller-Slattery, 16 A D 2d 67; Duch v. *99 Giacquinto, 15 A D 2d 20). The significance of the release and its understanding by the plaintiff has an important bearing on whether the release was obtained by fair and proper means.
In this action before the court, the testimony bears out the fact that the release contained the words “ sustaining compound fracture ”, and the plaintiff admits negotiations prior to the signing of the release. In addition, it has been shown that the plaintiff signed a statement that he was going to have four to six months’ disability. The plaintiff, by his own testimony and admission, was fully aware of the implication and significance of his execution of the release. There was no mutual mistake on the part of the parties hereto. The parties met in agreement upon essential elements of the instrument. The release was executed fairly and knowingly (Yehle v. New York Cent. R. R. Co., 267 App. Div. 301; Farrington v. Harlem Sav. Bank, 280 N. Y. 1).
In other words, the plaintiff knew he had a certain injury, in this case, a fracture; he knew he had future disability; he felt he had adequate compensation. The court feels that the release should not be disturbed and should be a bar to recovery.
Finally, in the opinion of the court, the plaintiff has failed to sustain his burden of proof as to the negligence of the defendant.
It is well recognized that stairway accidents where the theory of negligence was that the steps were “ slippery as ice”, “ smooth as glass ”, and “ highly polished ” are not actionable as a matter of law (Kline v. Abraham, 178 N. Y. 377, 379; Tryon v. Chalmers, 205 App. Div. 816; Micheltree v. Stair, 135 App. Div. 210). More conducive to injury than these is a claim, such as in this case, of a lumpy and bumpy carpet. Here, the plaintiff was perfectly familiar with these stairs. He had been up and down the stairway almost twice daily and must have known of its condition. The stairway had no latent, hidden or unseen defects. It is a general rule that where a person knows of a dangerous condition in a place where he is accustomed to going, it is necessary for him to exercise greater care than if he were unaware of the dangerous condition. The court feels that the risk incidental to the use of the stairway was assumed by the plaintiff.
In all the circumstances, the motion to dismiss the complaint herein is granted.