■ Stephani Murphy et al., Respondents, v A. J. Conner et al., Defendants, and Newman & Doll et al., Appellants. [606 NYS2d 790] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered October 29, 1992 in Chemung County, which denied the motion of defendants Newman & Doll, Cahn Engineering and Greiner, Inc. for summary judgment dismissing the complaint against them.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Stephani Murphy (hereinafter plaintiff) on June 15, 1987 when she slipped and fell at Eastowne Mall in the City of Elmira, Chemung County. As relevant to this appeal, the theory of liability is that the flooring materials in the area where plaintiff fell were unduly slippery. Defendants Newman & Doll, Cahn Engineering and Greiner, Inc. (hereinafter collectively referred to as defendants), a firm providing engineering and architectural services in connection with construction of the mall and its successors in interest, moved for summary judgment dismissing the complaint against them. Relying upon the opinion of plaintiffs' expert that the coefficient of friction of the flooring materials in the area where plaintiff fell failed to conform to industry standards, Supreme Court denied the motion. Defendants appeal.

We reverse. Under most circumstances, the opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards would preclude a grant of summary judgment in favor of the defendants (see, e.g., Trimarco v Klein, 56 NY2d 98, 106). Here, though, stripped of its technical terms, the affidavit of plaintiffs' expert merely states that plaintiff fell because the floor was

too slippery and it is settled law that, in the absence of evidence of a negligent application of wax or polish, liability will not be imposed as the result of a floor being slippery by reason of smoothness *(see, Kline v Abraham,* 178 NY 377, 380-381; *Yaroschak v Suffern Window Cleaning Co.,* 174 AD2d 887, 888; *Katz v New York Hosp.,* 170 AD2d 345; *Lowrey v Cumberland Farms,* 162 AD2d 777, 778; *compare, Manning v New York Tel. Co.,* 157 AD2d 264). As properly contended by defendants, the affidavit merely establishes the existence of a nonactionable defect and, thus, does not raise a genuine triable issue of fact. As a final matter, we are unaware of any support for the legal distinction drawn by the dissent between floors that have been made slippery by maintenance efforts and those that are slippery as the result of allegedly negligent design or construction. In fact, the seminal case of *Kline v Abraham (supra)* itself involved a newly installed staircase constructed of marble that was described as "slippery as ice" *(supra,* at 379).

Weiss, P. J., and Mahoney, J., concur.

Mikoll, J. (dissenting). We respectfully dissent.

Plaintiffs' complaint against defendants, the successors in interest to the original designers and construction manager for Eastowne Mall, alleges negligence in the design and condition of the floor of the mall. An expert's affidavit offered on the motion indicated that ceramic tiles for the floor surface had a friction coefficient of 0.4 which he stated is below acceptable professional standards in the trade, resulting in an unreasonably hazardous floor.

Unlike *Kline v Abraham* (178 NY 377) and the subsequent litany of cases dealing with an owner's maintenance of floors in which his responsibility is alleged to be due to having caused a dangerous condition or allowing one to continue, we have here an expert's affidavit to support the assertion of negligence against the designers and construction managers; thus, a question of fact was raised which requires resolution by trial.

Custom and usage may be used to prove what ought to be done and may be used to show that a defendant has fallen below the required standard which, though not conclusive on the question of negligence, may bear on what is reasonable conduct under all the circumstances, the test of negligence *(see, Trimarco v Klein,* 56 NY2d 98, 105).

Plaintiffs presented enough evidence to send the question of negligence in this case to the jury. The expert's affidavit, the

letter written to defendants by defendant Newman & Doll's design engineer stating that the City of Elmira was concerned over the potential hazard the glazed tiles constituted and defendants' knowledge of a 1985 fall on the premises as a result of which damages for injuries were sought by another litigant alleging dangerous design and condition of the flooring raise a question of fact requiring resolution by a jury.

The decision of Supreme Court denying summary judgment should be affirmed.

Cardona, J., concurs. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants Newman & Doll, Cahn Engineering and Greiner, Inc., and complaint dismissed against said defendants.