■ HELENE VAN ALSTYNE et al., Respondents, v FONDA REFORMED CHURCH, Appellant. [638 NYS2d 224] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered March 24, 1995 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

On October 31, 1992, plaintiff Helene Van Alstyne (hereinafter plaintiff) sustained the injuries forming the basis for this negligence action when she slipped and fell on a wet substance on the floor of defendant's church meeting room. The evidence submitted on defendant's motion for summary judgment established that, at the time of the occurrence, the room was

being used for a private anniversary party for plaintiff's sister and brother-in-law, at which coffee, punch and other refreshments were served. In her deposition testimony, plaintiff acknowledged that she helped set up the room for the party and observed no foreign substances on the floor. To the contrary, she variously described the floor as dry, clean and shiny and the overall church premises as "immaculate". She also indicated that she slipped on a wet area "right by the refreshment table", where coffee or punch had probably been spilled. Defendant's custodian testified that his care of the floor was limited to wet mopping and dusting. Notably, he never applied any wax or polishing agents to the floor, but he did spray a product known by the trade name "Swell" on his dust mop to help collect the dust. His last floor maintenance activity was on the day prior to plaintiff's accident, when he merely dust-mopped the floor. Finally, the custodian testified that neither he nor, to his knowledge, anyone else found the floor to be slippery.

Clearly, the foregoing evidence established defendant's lack of actual or constructive knowledge of the wet condition of the floor and shifted the burden to plaintiffs to come forward with evidence raising a legitimate factual issue (*see, Bashaw v Rite Aid*, 207 AD2d 632). Rather than controverting defendant's showing, plaintiffs chose a different approach, attempting to establish that the subject floor was inherently dangerous because it was extremely slippery when wet and its shiny surface made it difficult to see spilled liquids, and, further, that the floor was improperly maintained. In our view, plaintiffs failed on both counts, requiring our reversal of Supreme Court's order denying defendant's motion.

First, the floor's inherent slippery or shiny condition could not of itself provide a basis for liability (*see, Murphy v Conner*, 199 AD2d 929, *affd* 84 NY2d 969). Second, we reject the wholly conclusory opinion of plaintiffs' purported expert (the proprietor of a floor covering business) that the improper application of "Swell" caused the floor to become even more slippery (*see, Kelly v Academy Broadway Corp.*, 206 AD2d 794). Notably, the "expert" did not examine the subject floor, was unaware of Swell's chemical composition, stating only that it was either emulsion or oil based, and gave no indication that he was aware of the application directions stated on the product's label. More importantly, in view of the fact that plaintiff concededly slipped on a spilled liquid, we can perceive no legitimate causal relationship between the application of this product and plaintiff's injury.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.