■ Susan O'Connor, Appellant, v ISS International Service System, Inc., Respondent. (And a Third-Party Action.) [644 NYS2d 410] —White, J.

On January 20, 1992, plaintiff sustained personal injuries when she slipped and fell while walking on a tile floor at her place of employment. Although plaintiff did not see anything wrong with the floor prior to her fall, afterward she claims that she noticed an accumulation of wax on the heel of her shoe and a groove in the wax on the floor allegedly caused by her heel as she slid. Subsequently, plaintiff commenced this negligence action against defendant, the contractor hired by her employer to maintain the floors.* According to plaintiff, defendant negligently applied excessive amounts of wax on the floor which was allowed to accumulate, creating a dangerous

---

* Defendant, in turn, commenced a third-party action against plaintiff's employer.

condition. Following discovery, defendant successfully moved for summary judgment dismissing the complaint, prompting this appeal.

We affirm. It is well settled that "[t]he mere fact that a floor has been rendered 'slippery' by the application of wax or polish is not sufficient to support a claim of negligence" as it must be further shown that the wax or polish had been negligently applied (*Gootman v Village of Haverstraw*, 200 AD2d 829, *lv denied* 83 NY2d 756). To establish that plaintiff would be unable to make such a showing and thereby satisfy its burden on its motion (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967), defendant presented proof indicating that each week it applied a product known as FF-425 to the subject floor and stripped it from the floor every three weeks. Defendant's expert opined that the FF-425 product was not slippery when dry because its static coefficient of friction exceeded the standard set for floors by the American Society of Testing and Materials and was not affected by the number of coats that are applied to a floor even if the product is only stripped from the floor every three months. Additionally, defendant's proof established that no prior complaints had been received regarding the subject floor and that a visual inspection failed to reveal any problems (*see, Van Alstyne v Fonda Refm. Church*, 224 AD2d 901). In opposition, plaintiff relied on her conclusory opinion that there was an excessive amount of wax on the floor. As such proof is clearly insufficient to defeat a motion for summary judgment (*see, Anable v Bollentin*, 175 AD2d 545, 546), defendant's motion was properly granted (*see, Sapinkopf v Marriott Host*, 224 AD2d 512).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.