■ RUTH VAN STEENBURG et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant. [652 NYS2d 893] —Crew III, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered April 3, 1996 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Ruth Van Steenburg (hereinafter plaintiff) and her spouse commenced this action seeking damages for injuries allegedly sustained by plaintiff when she slipped and fell in the produce aisle of one of defendant's supermarkets. Following joinder of issue and discovery, plaintiff moved to compel defendant to respond to her notice to admit, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, and this appeal ensued.

As the proponent of a motion for summary judgment, defendant was required to make a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition that purportedly caused plaintiff's fall (see generally, Bashaw v Rite Aid, 207 AD2d 632; Salty v Altamont Assocs., 198 AD2d 591). This defendant failed to do. In support of its motion defendant offered, inter alia, the examination before trial testimony of its store manager. In this regard, the store manager testified that there was no janitorial staff for the store; instead, all department heads and employees were instructed to clean during their idle time. Additionally, the store manager could not recall if a specific sweeping or mopping schedule was in place at the time of plaintiff's fall, nor was he able to state when the floor in the produce area was last cleaned prior to plaintiff's accident. Such proof falls far short of satisfying defendant's burden on its motion for summary judgment (compare, McClarren v Price Chopper Supermarkets, 226 AD2d 982, lv denied 88 NY2d 811 [proof establishing that the aisle where the plaintiff fell was inspected 3 to 5 minutes prior to the accident and found to be clean and dry]; Maiorano v Price Chopper Operating Co., 221 AD2d 698, 699 [record demonstrated that the area in which the plaintiff fell had been swept 5 to 10 minutes prior to accident]). Thus, although we agree with defendant that evidence of an old, "squished up" grape, standing alone, would be insufficient to defeat a motion for summary judgment in a "slip and fall" case (see, e.g., Maiorano v Price Chopper Operating Co., supra; Browne v Big V Supermarkets, 188 AD2d 798, 799, lv denied 81 NY2d 708), the sufficiency of plaintiff's proof in opposition need not detain us, as defendant failed to meet its evidentiary burden in the first instance. Accordingly, Supreme Court's order should be affirmed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.