■ MARY EDWARDS, Respondent, v WAL-MART STORES, INC., Appellant. [662 NYS2d 855] —Cardona, P. J. Appeal from an order of the Supreme Court (Harris, J.), entered January 14, 1997 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover damages for injuries she sustained when she slipped and fell in a puddle of "dirty" water on the floor near the ladies' room door at defendant's retail store located in the Town of Colonie, Albany County, around 8:30 P.M. on February 25, 1994. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that defendant did not have actual or constructive notice of the alleged defective condition that caused plaintiff's injuries. Supreme Court denied the motion and defendant appeals.

We affirm. As the proponent of a motion for summary judgment, defendant had the initial burden "to make a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition that purportedly caused plaintiff's fall" (*Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001). In support of the motion, defendant submitted the examination before trial of its comanager who testified that, although there was no set schedule, the "general practice" of the store was to inspect the area around the restrooms every half hour to an hour. However, in response to plaintiff's interrogatories, defendant admitted that it was unknown "what maintenance, inspection or cleaning was done in the area of the ladies' room" on the day of plaintiff's accident. The only pertinent evidence on this point was the testimony from a courtesy desk employee who stated that the last time she inspected the area that day was prior to 7:00 P.M., at which time she did not notice water on the floor.

In our view, this evidence was insufficient to meet defendant's burden of showing that it did not have constructive notice of the dangerous condition (*compare, Van Steenburg v Great Atl. & Pac. Tea Co., supra* [the defendant was unable to state when the last time the floor was cleaned in produce aisle before the accident], *with McClarren v Price Chopper Supermarkets*, 226 AD2d 982, *lv denied* 88 NY2d 811 [established that aisles where the plaintiff fell were inspected 3 to 5 minutes prior to

the plaintiff's fall and found to be dry]). Accordingly, we do not reach the sufficiency of plaintiff's proof in opposition to defendant's motion (*see, Van Steenburg v Great Atl. & Pac. Tea Co., supra*).

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.