■ LEONA BOYEA et al., Respondents, v PYRAMID CHAMPLAIN COMPANY, Also Known as PYRAMID COMPANY OF PLATTSBURGH, Appellant. [674 NYS2d 478] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered August 1, 1997 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Leona Boyea (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover for personal injuries allegedly sustained as a result of her slip and fall on August 8, 1990, at approximately 4:20 P.M., inside of defendant's mall in the Town of Plattsburgh, Clinton County. According to plaintiffs' bill of particulars, defendant negligently applied excess wax on the floor, thereby creating a dangerous condition. After the completion of depositions, defendant moved for summary judgment. Supreme Court's denial of defendant's motion prompted this appeal.

"It is well settled that '[t]he mere fact that a floor has been rendered "slippery" by the application of wax or polish is not sufficient to support a claim of negligence' as it must be further shown that the wax or polish had been negligently applied" (O'Connor v ISS Intl. Serv. Sys., 228 AD2d 898, 899, quoting Gootman v Village of Haverstraw, 200 AD2d 829, lv denied 83 NY2d 756). The incident report prepared on the day of the accident recites that plaintiff told mall security that she did not slip on anything in particular and that the security officer who inspected the floor found it to be clean and dry. The mall's general manager stated that he never received any complaints regarding the condition of the floor where plaintiff fell and that no other accident reports relating to the entrance at issue had been filed. Although defendant also submitted the affidavit of a senior research chemist stating that the floor products used in the mall are "slip resistant", this affidavit cannot be read as an expert opinion that these products cannot be negligently applied (compare, O'Connor v ISS Intl. Serv. Sys., supra, at 899).

While this evidence may have been sufficient to shift the burden to plaintiffs to come forward with evidence raising a legitimate factual issue (see, Van Alstyne v Fonda Refm. Church, 224 AD2d 901, 902), plaintiffs adequately responded by submitting photos of stains discovered after the fall on the leg and seat of plaintiff's pants which appeared to be from floor wax and which remained after washing. We agree with Supreme Court that this proof was sufficient to raise a triable issue of fact (see, Panagakos v Greek Archdiocese, 213 AD2d 336, 337; Garrison v Lockheed Aircraft Serv., 24 AD2d 998, 999).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.