■ DIANA M. KELLER, Appellant, v 800 NORTH PEARL STREET ASSOCIATES, Respondent, et al., Defendant. [716 NYS2d 765] —Lahtinen, J. Appeal from an order of the Supreme Court (Hughes, J.), entered July 8, 1999 in Albany County, which, *inter alia*, granted a motion by defendant 800 North Pearl Street Associates for summary judgment dismissing the complaint against it.

Plaintiff slipped and fell on a highly polished tile floor sustaining injuries to her right leg. She commenced an action against defendant 800 North Pearl Street Associates (hereinafter defendant), the building owner, and defendant Janitronics, Inc., the maintenance company responsible for cleaning and waxing the tile floor, alleging that defendants were negligent in causing the floor to be in a slippery and dangerous condition and failing to remedy that condition after notice to defendant. After extensive discovery, defendants each moved for summary judgment and plaintiff cross-moved for additional discovery seeking certain items of discovery from Janitronics. Supreme Court granted both defendants' motions for summary judgment and denied plaintiff's cross motion for additional discovery. Subsequent to Supreme Court's decision, plaintiff

settled her cause of action against Janitronics leaving only the issues concerning the negligence of defendant for our review on this appeal.

It is well settled that a cause of action for negligence against a building owner cannot be based upon allegations that a floor is slippery because of its smoothness or polish in the absence of proof that some foreign substance existed on the floor or wax was negligently applied (see, Murphy v Conner, 84 NY2d 969, 971; Portanova v Trump Taj Mahal Assocs., 270 AD2d 757; Aguilar v Transworld Maintenance Servs., 267 AD2d 85, 86, lv denied 94 NY2d 762). The record reflects that plaintiff acknowledged that there was no foreign substance on the floor which caused her to fall. The deposition testimony of Janitronics' representative indicated that the floor area in question was last waxed more than three months prior to plaintiff's fall. Such a showing was sufficient to satisfy defendant's burden of coming forward with evidentiary proof in admissible form to establish that plaintiff's cause of action lacks merit (see, Zuckerman v City of New York, 49 NY2d 557, 562; Bingell v County of Schuyler, 260 AD2d 926, 927). In response, plaintiff offered no evidence for the reason for her fall other than the floor being slippery, and her claim that previous complaints were made to defendant about the slippery condition of the floor failed to raise triable issues of fact precluding summary judgment (see, Murphy v Conner, supra, at 972).

Nor do we find that Supreme Court abused its discretion in denying plaintiff's cross motion to compel additional discovery. Plaintiff's cross motion seeks no discovery from defendant but the affidavit of plaintiff's counsel filed in support of her cross motion suggests that she should have an opportunity to have her expert inspect the floor where plaintiff fell. We agree with Supreme Court that plaintiff had significant time to complete her discovery after issue was joined and there was no showing as to why she did not have the floor examined in a timely manner or whether allowing her expert the opportunity to inspect the subject floor at this late date, almost seven years after plaintiff's fall, would produce any evidentiary proof in admissible form which would give rise to a triable issue (see, Perez v Brux Cab Corp., 251 AD2d 157, 160; Cruz v Otis El. Co., 238 AD2d 540, 540-541).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.