■ SANDRA PECHTEL, Appellant, v LEE P. GOULD, Respondent. (And a Third-Party Action.) [780 NYS2d 82]—

Peters, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered July 15, 2003 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a cleaner for third-party defendant, Maid-To-Order, slipped and fell in defendant's residence as she was vacuuming his stairwell. She commenced this action alleging that defendant's placement of a glossy and slick varnish to the bottom two stairs, coupled with the absence of a handrail, caused her

injuries. Defendant commenced a third-party action against Maid-To-Order and United Staffing, Inc., the agency which employed plaintiff.* Following discovery, defendant made a successful motion for summary judgment. Plaintiff appeals and we affirm.

It is settled that "a cause of action for negligence against a building owner cannot be based upon allegations that a floor is slippery because of its smoothness or polish in the absence of proof that some foreign substance existed on the floor or wax was negligently applied" (*Keller v 800 N. Pearl St. Assoc.*, 277 AD2d 775, 776 [2000]; *see Murphy v Conner*, 84 NY2d 969, 971-972 [1994]; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 758 [2000], *lv denied* 95 NY2d 765 [2000]; *Malossi v State of New York*, 255 AD2d 807, 807 [1998]). Defendant denied that he had applied any wax or varnish to those stairs or that anyone had ever fallen upon them. Although plaintiff claims that she fell because the bottom two steps were shiny and slick, she admitted that she neither found them slippery when she traversed them earlier nor touched them after her fall. With a further failure to proffer any evidence that a foreign substance was present or that wax had been negligently applied (*compare Boyea v Pyramid Champlain Co.*, 251 AD2d 855, 855 [1998]), no triable issue of fact was created. Moreover, plaintiff failed to demonstrate that the existing railing on the stairwell, albeit not descending to the bottom two steps, constituted a dangerous or defective condition (*see generally Karsdon v Barringer*, 298 AD2d 501, 501 [2002]; *Hill v Cartier*, 258 AD2d 699, 700 [1999]; *Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593, 593-594 [1996]; *Pizzola v State of New York*, 130 AD2d 796, 796 [1987]) or was in contravention of any applicable building code (*see Vachon v State of New York*, 286 AD2d 528, 530-531 [2001]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The action against United Staffing was subsequently discontinued.