■ STEPHEN MOSS, Respondent, v CAPITAL DISTRICT REGIONAL OFF-TRACK BETTING CORPORATION, Respondent, and MICHAEL P. VERDILE SR. et al., Appellants. [935 NYS2d 226]—

Egan Jr., J.

In December 2003, plaintiff slipped and fell at a facility owned by defendant Capital District Regional Off-Track Betting Corporation (hereinafter OTB) and located in the City of Albany. At the time of the incident, the food concession at the facility was operated by defendants Michael P. Verdile Sr. and Thoroughbred Caterers, Ltd. (hereinafter collectively referred to as defendants) pursuant to a lease agreement between defendants and OTB. On the day in question, plaintiff had been in the facility for approximately 90 minutes prior to his fall, during which time he traversed the set of carpeted stairs leading from the mezzanine to the betting area at least two or three times without incident. When plaintiff went to place another bet, however, he slipped at the top of the stairs and fell forward. After his fall, plaintiff examined the carpeting and, with his hand, felt a wet spot—circular in shape and six to eight inches in diameter—at the top of the stairs. Plaintiff reported the incident to one of OTB's managers and, after placing additional bets, left the facility.

Plaintiff thereafter commenced this personal injury action against OTB and defendants and, following joinder of issue and discovery, defendants moved for summary judgment.* Supreme Court partially granted the motion, finding that although defendants indeed established that they did not have actual or constructive notice of the allegedly hazardous condition, they failed to demonstrate that they did not affirmatively create such condition. Defendants now appeal from so much of Supreme Court's order as denied their motion for summary judgment dismissing the amended complaint in its entirety and all cross claims against them.

Contrary to Supreme Court's finding, defendants were not obligated to "affirmatively foreclose the possibility" that one of their employees created the wet or slippery condition that allegedly caused plaintiff's injuries. Defendants were, however,

---

* Plaintiff initially commenced the action solely against OTB, which, in turn, commenced a third-party action against defendants. Thereafter, plaintiff filed an amended complaint against OTB and defendants, thereby subsuming the third-party action.

required to establish that they maintained the premises in a reasonably safe condition and, insofar as is relevant to this appeal, did not affirmatively create the hazard alleged (*see Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]; *Knapp v Golub Corp.*, 72 AD3d 1260, 1261 [2010]). This they failed to do.

Verdile's examination before trial testimony establishes—at best—that defendants' managers and wait staff generally were aware that they were to be on the lookout for any spills that might occur during the course of the day. Indeed, when asked if defendants had any specific policies or procedures governing the inspection of the premises and the actions to be taken if any spills were encountered, Verdile simply replied, "If there was something on the floor, we picked it up." Although Verdile apparently was the manager on duty on the day of plaintiff's accident, noticeably absent from either his affidavit or examination before trial testimony was any statement regarding his specific observations or inspection of the heavily trafficked area where plaintiff's accident occurred (*see Norse v Saratoga Harness Racing, Inc.*, 81 AD3d 1063, 1064 [2011]; *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001, 1001 [1997]; *cf. Edwards v Wal-Mart Stores*, 243 AD2d 803, 803 [1997]; *compare Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d 1176, 1177 [2011] [premises inspected five minutes before the accident]; *Perry v Cumberland Farms, Inc.*, 68 AD3d 1409, 1410 [2009] [parking lot free of debris 30 minutes prior to accident], *lv denied* 14 NY3d 706 [2010]; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1383 [2009] [area where accident occurred inspected every 8 to 10 minutes]). Additionally, defendants did not offer any testimony or affidavits from the remainder of their employees on duty that day (*see Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1265 [2009]; *compare Salerno v North Colonie Cent. School Dist.*, 52 AD3d 1145, 1146 [2008]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 988 [2007]).

It is true, as defendants point out, that plaintiff could not identify the substance comprising the nearly invisible wet spot on the carpet—discovered by plaintiff only after he felt the carpet with his hand following his fall—and, further, that plaintiff did not know the cause or origin of the alleged spill, i.e., whether one of defendants' employees spilled a drink and neglected to promptly clean it up or whether a fellow OTB patron en route to place a bet caused the alleged spill only moments before plaintiff's accident. Plaintiff's ability to prevail at trial, however, is not the issue on this motion, and the sufficiency of plaintiff's proof need not detain us where, as here,

"defendant[s] failed to meet [their] evidentiary burden in the first instance" (*Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d at 1001; *see Edwards v Wal-Mart Stores*, 243 AD2d at 803-804). Accordingly, defendants' motion for summary judgment was properly denied.

Mercure, A.P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.