■ LAURA S. ANDERSON, Appellant, v SKIDMORE COLLEGE, Respondent. [941 NYS2d 787]—

Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 21, 2010 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff and her friend visited defendant's campus in late July 2008 to take part in a reunion planning meeting and were assigned to stay at an on-campus apartment. Soon after they arrived at the apartment, plaintiff turned on the shower to allow the water to warm up and left the bathroom to disrobe. Upon stepping back into the bathroom, she slipped and fell, fracturing her wrist. According to both plaintiff and her friend, they then observed the showerhead, which appeared to be clogged in some fashion, spraying water onto the ceiling and over the shower curtain onto the bathroom floor. Plaintiff later commenced this action alleging that defendant negligently maintained the bathroom by permitting the defective showerhead to spray water over the top of the shower curtain, making the floor dangerously slippery. In addition, plaintiff alleged that soap or polish had been negligently applied to the floor, thereby increasing the danger. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff now appeals.

Beginning with the alleged overspray condition, plaintiff contends that defendant failed to sustain its threshold burden

of establishing as a matter of law that it did not have actual or constructive notice (*see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1365 [2010]; *Raczes v Horne*, 68 AD3d 1521, 1522 [2009]; *Ensher v Charlton*, 64 AD3d 1032, 1033 [2009]). The record reflects that defendant met its initial burden of showing that it did not have actual notice, but we must agree with plaintiff that defendant has not shown a lack of constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]).

In an effort to meet its burden, defendant submitted an affidavit from its manager of custodial operations who stated that the apartment in question was cleaned after the end of the academic year, a fact that is not in issue. The record also establishes that the apartment was unoccupied from the end of the academic year until plaintiff's arrival. According to the manager, as part of the usual cleaning process, his staff has a "custom and practice" of turning on the showers to check their operation. He avers that any overspraying condition would have been reported to him or one of his staff supervisors, and no such problem was ever reported. Noticeably missing, however, is any evidence from the staff person assigned to clean the apartment in question, or even from the staff person's immediate supervisor, that this inspection was in fact performed as part of the staff person's own routine on the day the apartment was cleaned.

In our view, defendant's submission of the manager's expectation was insufficient to meet its burden of showing that it did not have constructive notice of the alleged overspray condition in the absence of evidence that the routine was followed (*see Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572-573 [2006]; *Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 675 [2003]; *Lorenzo v Plitt Theatres*, 267 AD2d 54, 55 [1999]; *Edwards v Wal-Mart Stores*, 243 AD2d 803, 803 [1997]). Viewing this evidence in a light most favorable to plaintiff, as we must, and according her every favorable inference (*see Kearsey v Vestal Park, LLC*, 71 AD3d at 1365; *Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1190 [2009]), we agree with her that a jury could reasonably infer that, because the apartment remained unoccupied until the arrival of plaintiff and her friend on July 26, 2008, the overspray condition that they described existed at the time the apartment should have been inspected, and defendant should have been aware of the

condition and corrected it prior to her occupancy. Inasmuch as defendant failed to satisfy its burden with respect to constructive notice of the alleged overspray condition, we need not reach the sufficiency of plaintiff's opposing proof (*see Moss v Capital Dist. Regional Off-Track Betting Corp.*, 90 AD3d 1379, 1381-1382 [2011]; *Keating v Town of Burke*, 86 AD3d 660, 662 [2011]; *Edwards v Wal-Mart Stores*, 243 AD2d at 804).

We cannot agree, however, with plaintiff's contention that defendant failed to sustain its burden with respect to the allegation that it affirmatively caused the slippery condition by negligently applying soap or polish to the floor to increase its slipperiness (*see Murphy v Conner*, 84 NY2d 969, 971 [1994]). Defendant established its entitlement to summary judgment eliminating this issue from the case with proof that "the bathroom floors are not waxed, polished, buffed, sealed, stripped or resurfaced" but are cleaned only with a disinfectant each time there is a change in occupancy (*see Keller v 800 N. Pearl St. Assoc.*, 277 AD2d 775, 776 [2000]). In response, the affidavit of plaintiff's expert, containing the conclusory allegation that some type of cleaning product may have been improperly applied to the floor, was insufficient to raise a triable issue of fact (*see Van Alstyne v Fonda Refm. Church*, 224 AD2d 901, 902 [1996]). Nor can we agree with plaintiff that the doctrine of res ipsa loquitur is applicable here, given the possibility that plaintiff's fall was caused by her own misstep (*see Cortes v Central El., Inc.*, 45 AD3d 323, 324 [2007]).

Peters, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.