■ Sarah Whitney, Respondent, v Argentina Valentin, Doing Business as La Esquina Restaurant, Respondent, and Roma Realty, LLC, et al., Appellants. [963 NYS2d 109]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about October 3, 2012, which, insofar as appealed from, denied defendants Roma Realty, LLC and PNC Enterprises, LLC's motion for summary judgment dismissing the complaint as against them and on their cross claim for contractual indemnification against defendant Valentin, unanimously affirmed, without costs.

Roma Realty's witness testified that, after purchasing the property, Roma replaced the cellar doors over which plaintiff subsequently fell, and that he knew that the doors were not equipped "with strong railings," as required by Administrative

Code of City of NY § 19-119. Defendants' argument that Administrative Code of City of NY § 19-119 is not applicable to the subject cellar doors is unavailing (*see Lowenstein v Normandy Group, LLC*, 51 AD3d 517, 519 [1st Dept 2008]). Given Roma's witness's undisputed testimony as to the violation of a specific statute, Roma, as an out-of-possession landlord with the right to reenter the premises to inspect and repair, is charged with constructive notice of the defective condition (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565 [1987]; *Landy v 6902 13th Ave. Realty Corp.*, 70 AD3d 649 [2d Dept 2010]). The testimony also raises an issue of fact whether Roma created or had actual notice of the condition that allegedly caused plaintiff's fall.

Issues of fact also exist as to the scope of PNC's duties as Roma's managing agent and therefore whether PNC may be held liable for plaintiff's injuries.

Since, contrary to defendants' argument, the record does not demonstrate conclusively that Valentin proximately caused plaintiff's injuries, defendants are not entitled to summary judgment on their cross claim for contractual indemnification against her.

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.