Tom Beckerleg, Respondent, v Tractor Supply Company, Appellant. [968 NYS2d 641]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Cahill, J.), entered March 30, 2012 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff allegedly slipped and fell on dry dog food that had spilled from a broken bag into an aisle at defendant's store. He commenced this negligence action seeking damages for injuries that he claims he sustained in the fall. Following disclosure, defendant moved for summary judgment dismissing the complaint contending that it had neither actual nor constructive notice of the spilled dog food. Supreme Court found factual issues regard-

ing constructive notice and thus denied defendant's motion. Defendant appeals.

We affirm. "As the proponent of a motion for summary judgment, defendant had the initial burden to make a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition that purportedly caused plaintiff's fall" (*Edwards v Wal-Mart Stores*, 243 AD2d 803, 803 [1997] [internal quotation marks and citation omitted]; *see Flahive v Union Coll.*, 99 AD3d 1151, 1152 [2012]). With respect to constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Walker v Golub Corp.*, 276 AD2d 955, 956 [2000] [internal quotation marks and citation omitted]; *see Tate v Golub Props., Inc.*, 103 AD3d 1080, 1081 [2013]). The evidence is viewed in the light most favorable to plaintiff as the party opposing summary judgment and he receives "the benefit of every reasonable inference" (*Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]; *see Anderson v Skidmore Coll.*, 94 AD3d 1203, 1204 [2012]).

Plaintiff's accident allegedly occurred between 2:00 p.m. and 3:00 p.m. on April 13, 2008. He testified at his deposition that he was looking at store shelves and, upon starting down the aisle where the dog food was located, he slipped and fell as he was taking his second step down that aisle. He looked at the dog food spill after falling and estimated the size of the spill as covering four to five feet. The record also includes the deposition testimony of Calvin Brooks, who stated that he was in the store between 10:30 a.m. and noon on the same day as plaintiff's accident. Brooks, who was an acquaintance of plaintiff, remembered seeing dried dog food spilled on the floor in the same aisle where plaintiff later fell.

Defendant urges that Brooks's testimony is insufficient to raise a factual issue since Brooks recalled the spill as being located at the beginning of the aisle and he estimated the size as one to two feet. Viewed most favorably to plaintiff, it is reasonable to infer that two witnesses' memories and descriptions regarding a spill they had seen about three years before testifying about it might not be exactly the same, and a difference in location of one to two steps is not so significant as to compel the conclusion that they were describing two different spills. Further, the differences in the size of the spill recalled by the two individuals could have resulted from, among other reasonable explanations, more dog food falling from the torn bag during the course of the day. There was proof that the aisles were sup-

posedly checked by store employees about every half hour and the purported spill was not detected or cleaned. We agree with Supreme Court that there are factual issues regarding whether defendant had constructive notice of the dog food spill upon which plaintiff allegedly fell. The remaining arguments are academic.

McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.