Reyes v Latin Am. Pentecostal Church of God Inc. (2020 NY Slip Op 01577)





Reyes v Latin Am. Pentecostal Church of God Inc.


2020 NY Slip Op 01577


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


157297/16 11227A 11227

[*1] Diana Reyes, Plaintiff-Appellant,
v
Latin American Pentecostal Church of God Inc., Defendant-Respondent.


Brand Brand Nomberg & Rosenbaum LLP, New York (Brett J. Nomberg of counsel), for appellant.
Molod Spitz & DeSantis P.C., New York (Marcy Sonneborn of counsel), for respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered July 18, 2019, which granted the motion of defendant Latin American Pentecostal Church of God Inc. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered March 13, 2019, which denied plaintiff's motion to strike defendant's pleadings, unanimously affirmed, without costs.
Plaintiff alleges that she fell and sustained injuries as a result of a slippery condition on two steps in the bathroom of a building owned and managed by defendant. Supreme Court granted defendant's motion, finding that plaintiff failed to identify the cause of her fall.
Although plaintiff did not have personal knowledge of what caused her to fall, she was able to sufficiently identify the alleged defect through the testimony of an eyewitness who observed, after plaintiff fell, that there was water on the steps, as well as a "soaking" wet piece of cardboard at the bottom of the steps (see McRae v Venuto, 136 AD3d 765, 766 [2d Dept 2016]; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878 [2d Dept 2013]).
Defendant submitted no evidence to show when the bathroom was last cleaned and inspected prior to plaintiff's fall, and therefore failed to establish prima facie that it did not have constructive notice of the alleged dangerous condition (see Edwards v Wal-Mart Stores, 243 AD2d 803 [3rd Dept 1997]; Van Steenburg v Great Atl. & Pac. Tea Co., 235 AD2d 1001 [3rd Dept 1997]). Moreover, defendant's own evidence indicates that there may have been a recurring, but unaddressed, problem with flooding in the bathroom, raising a triable issue as to whether it may be charged with constructive notice of a wet, slippery condition (see Talavera v New York City Tr. Auth., 41 AD3d 135 [1st Dept 2007]; O'Connor—Miele v Barhite & Holzinger, 234 AD2d 106 [1st Dept 1996]). The evidence submitted by defendant did not eliminate triable issues as to whether it was negligent under common-law standards for failing to install safety devices or a warning on the stairs (see Branch v SDC Discount Store, Inc., 127 AD3d 547 [1st Dept 2015]).
Supreme Court providently declined to grant plaintiff's motion to strike the answer, as the record does not demonstrate that defendant willfully and contumaciously refused to obey disclosure orders (see Rodriguez v United Bronx Parents, Inc., 70 AD3d 492 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK