Gartenberg v Supreme Co. I LLC (2020 NY Slip Op 07496)





Gartenberg v Supreme Co. I LLC


2020 NY Slip Op 07496


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 154159/17 Appeal No. 12635 Case No. 2020-01727 

[*1]Gary Gartenberg, Plaintiff-Respondent-Appellant,
v
Supreme Company I LLC, et al., Defendants, Driton LLC, Defendant-Appellant-Respondent.


Lewis Brisbois Bisgaard & Smith LLP, New York (John M. Badagliacca of counsel), for appellant-respondent.
Norman A. Olch, New York, for respondent-appellant.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered on or about October 7, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Driton LLC for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when he slipped and fell in the men's bathroom of a restaurant operated by Driton. The conflicting testimony by plaintiff that when he fell on the bathroom floor he noticed moisture, and a restaurant employee's testimony that when he found plaintiff on the floor he did not observe any moisture, raise credibility issues to be determined at trial (see Rawls v Simon, 157 AD3d 418, 419 [1st Dept 2018]).
There is also a triable issue of fact as to whether Driton had constructive notice of moisture on the bathroom floor. While Driton's witnesses testified as to its general restroom cleaning practice, Driton did not submit any evidence showing when the bathroom was last cleaned and inspected prior to plaintiff's fall (see Reyes v Latin Am. Pentecostal Church of God Inc., 181 AD3d 459 [1st Dept 2020]; Bonilla v 191 Realty Assoc., L.P., 125 AD3d 470 [1st Dept 2015]).
The court also properly found that, given the conflicting expert opinions as to the extent a chipped or repaired floor tile proximately caused plaintiff's accident, there is a triable issue as to whether the defect on the platform was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]; Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]).
Finally, plaintiff raised an issue of fact as to whether lost profits suffered by his personal business were the direct result of his inability, because of the injuries he sustained in the accident, to devote his personal skill and ability to his business (see Behrens v Metropolitan Opera Assn., Inc., 18 AD3d 47, 50 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020