Mollette v 111 John Realty Corp. (2021 NY Slip Op 03282)





Mollette v 111 John Realty Corp.


2021 NY Slip Op 03282


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 150844/15 Appeal No. 13905 Case No. 2020-02864 

[*1]Edward Mollette, Plaintiff-Respondent,
v
111 John Realty Corp., Defendant-Appellant-Respondent, 7-Eleven, Inc., Defendant-Respondent-Appellant.


Fleischner Potash LLP, New York (Kevin J. McArdle of counsel), for appellant-respondent.
Sobel Pevzner, LLC, Huntington (Nicole Licata-McCord of counsel), for respondent-appellant.
Paul D. Creinis, L.L.C., Brooklyn (Paul D. Creinis of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 18, 2020, which denied defendant 111 John Realty Corp.'s motion for summary judgment dismissing the complaint as against it or, in the alternative, for a conditional order of summary judgment on its cross claims for indemnification against defendant 7-Eleven, Inc., and denied 7-Eleven's motion for summary judgment dismissing the complaint and cross claims as against it, unanimously affirmed, without costs.
Plaintiff, a fire inspector for the New York City Fire Department, was injured when he slipped on a staircase leading to the basement of a building owned by John Realty within space leased by 7-Eleven. The court properly denied John Realty's motion for summary judgment because, although it was an out-of-possession landlord and no structural or design defect violating a code is alleged, there is an issue of fact as to whether it was responsible for the creation of the wet condition that caused plaintiff's accident, as its lease with 7-Eleven provided that it had the right to enter the premises to access the electrical, plumbing, and other mechanical and electrical systems located there and to keep them in good repair (see Melendez v American Airlines, 290 AD2d 241, 242 [1st Dept 2002]).
The court likewise properly denied 7-Eleven's motion for summary judgment as it failed to satisfy its initial burden of demonstrating lack of constructive notice by submitting evidence of its maintenance activities and inspection of the area prior to the accident, but relied on its employee's vague testimony concerning his last inspection of the area (see Reyes v Latin Am. Pentecostal Church of God Inc., 181 AD3d 459 [1st Dept 2020]; Guo Ping Li v Overseas Partnership Co., Inc., 176 AD3d 608, 609 [1st Dept 2019]). Plaintiff's testimony concerning the cause of the accident was sufficiently specific and any inconsistencies present issues of fact for the jury.
Given the issues of fact regarding John Realty's and 7-Eleven's negligence, the court also properly denied John Realty's request for a conditional order of summary
judgment on its cross claims for contractual and common-law indemnification (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Whitney v Valentin, 105 AD3d 519, 520 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021