■ CARRIE HERMAN, Appellant, v LAURA E. POWERS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Bryant, J.), entered October 14, 1983 in Chemung County, which granted defendants' motions for summary judgment dismissing the complaint. ¶ Plaintiff, a 56-year-old female, commenced an action on February 9, 1982 to recover damages for personal injuries she sustained as a result of a two-car collision which occurred on September 17, 1981. Immediately following the accident, and for six weeks thereafter, plaintiff remained confined to her home, unable to perform her duties of employment as a hospital maid. She returned to work on November 1, 1981, but shortly thereafter was required to take sick leave for an additional two weeks because of the injuries sustained in the collision. Her bill of particulars alleges that she sustained muscular and ligamentous injury to the area of the lumbar spine, cervical spine and right shoulder. ¶ Defendants moved for summary judgment on the ground that plaintiff had not sustained a serious injury as defined in subdivision 4 of section 671 of the Insurance Law. Special Term granted defendants' motions, as a result of which plaintiff appeals. ¶ In opposition to the motions, plaintiff submitted her personal affidavit attesting to her injuries and limitation of activities. She submitted the affidavit of her employer attesting to her activities prior to the accident and how she was unable to perform heavy work, lifting or mopping for a period of approximately two months following her return to work. Plaintiff also submitted the affidavit of her brother with whom she resided, attesting to the fact that immediately following the accident she was confined mostly to her bed at home and that, upon her return to work, she was unable to perform her routine chores at home for a period of approximately two to three months. Also submitted in opposition to the motion was an affidavit by plaintiff's attending physician, who stated that upon his review of his office notes, prior medical reports prepared by him, and the affidavits of plaintiff, her employer and her brother, it was his medical opinion that plaintiff sustained a nonpermanent injury to her back and right shoulder which prevented her from performing substantially all the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the accident. ¶ We hold that Special Term improperly granted summary judgment to defendants. Summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a material triable issue of fact (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). On a motion for summary judgment, the court must accept as

of the cocaine not "unlawful".

true the opposing party's evidence (*Waldron v Wild,* 96 AD2d 190, 192; *Weiss v Garfield,* 21 AD2d 156, 158). In the instant case, the documentary sworn proof submitted on behalf of plaintiff was sufficient to establish a prima facie showing of "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. The affidavits of plaintiff, her employer and brother provided factual information concerning plaintiff's injuries and the limiting effect that her injuries had upon her activities. The doctor's affidavit provided a medical opinion based upon the factual information contained in other affidavits. Taken together, these affidavits raised a question of fact making an award of summary judgment inappropriate. ¶ Judgment reversed, on the law, without costs, and motions denied. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.