■ CARMEN P. RUGGERIO et al., Respondents, v DOLORES BURTON, Defendant, and DAVIS M. ETKIN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered November 4, 1983 in Warren County, which denied defendant Davis M. Etkin's motion for summary judgment dismissing the complaint.

Plaintiffs, who are brothers and sisters, commenced an action against their sister, Dolores Burton, and Davis M. Etkin, an attorney, alleging that defendants breached an escrow agreement made with plaintiffs' and defendant Burton's mother in connection with a piece of realty presently valued at $40,000. The complaint also asserts a cause of action in fraud against both defendants. Defendant Etkin moved for summary judgment dismissing the complaint. Special Term denied the motion without prejudice to renew at the time of trial. This appeal by defendant Etkin ensued.

On April 26, 1977, Christine Ruggerio, then 81 years old and the mother of plaintiffs and defendant Burton, executed a warranty deed, prepared by Etkin, conveying title to realty located

on Lake Luzerne to her daughter, defendant Burton. Etkin retained the deed in his law office and did not record the deed until April 2, 1979, two days following the death of the grantor. When Burton refused to convey the property to plaintiffs jointly, as plaintiffs allege Burton promised, this action was commenced.

The order denying Etkin summary relief must be affirmed. Plaintiffs are entitled to cross-examine both defendants concerning any instructions given to them by Christine Ruggerio concerning the subject property which may indicate an escrow arrangement (see *Stanton v Miller,* 58 NY 192). Such information is exclusively within the personal knowledge of defendants. Next, Etkin has instituted a counterclaim against plaintiffs in the amount of $210,000. Plaintiffs would be extremely prejudiced if they had to defend themselves against Etkin's counterclaim and not be able to present proof that not only could defeat the counterclaim, but establish their rights as well. Summary judgment is a drastic remedy which should not be granted where this is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.