■ JOHN REZNIKOFF, Appellant, v DALE COMPTON et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered February 11, 1986 in Sullivan County, which denied plaintiff's motion for summary judgment.

Each of the four causes of action in the complaint seeks to recover money damages for breach of the terms of four separate contracts for the sale and purchase of goods or real property through the use of bartering, a practice in which the parties had been actively engaged. The answer contains denials and three counterclaims for money damages based on plaintiff's alleged fraud and breach of contract. Special Term denied plaintiff's motion for summary judgment, holding that triable issues of fact precluded such relief. Plaintiff has appealed.

The order should be affirmed. The essence of the transactions was that the exchanges would be for either land or personal property aggregating equal values and that the offeror, ostensibly possessed of expertise and knowledge, represented the value of the items exchanged to be the fair market value. Whether the values actually were fair market or not present triable issues of fact. The use of the words sold "as is" refers to the condition, not the value of the property. Whether the words or acts of plaintiff, or for that matter of defendants,

were committed or spoken, were relied upon and were false requires resolution by a trier of fact. Similarly, resolution of the sharply contested litany of event and components of these four complicated transactions cannot be attained upon affidavits and exhibits. The disputes as to values, disposition of items and representations require resolution by trial.

It is well established that "[s]ummary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a material triable issue of fact" (*Herman v Powers,* 103 AD2d 992; *see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Ruggerio v Burton,* 105 AD2d 971, 972). It is clear that "the motion [for summary judgment] shall be denied if any party shall show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). Such circumstances prevail here.

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.