■ PHILIPPE OHANESSIAN, Respondent, v CHASE MANHATTAN REALTY LEASING CORPORATION, Defendant, and FORTE HOTELS, INC., Individually and Doing Business as WESTBURY HOTEL, et al., Appellants. [598 NYS2d 204] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 28, 1992, which, *inter alia,* denied defendants-appellants' motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

According to plaintiff, he slipped and fell while descending the stairway from the mezzanine level to the lobby of the Westbury Hotel, operated by defendants-appellants in Manhattan. Plaintiff attributes his fall to a Christmas garland which had been affixed by defendants and apparently slipped off the bannister and onto the stairs. As this Court held in *Trujillo v Riverbay Corp.* (153 AD2d 793, 794), liability as to those in control of premises can attach where "it can be shown that the owner created the condition" on the steps *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). The only basis on which liability may be predicated is that defendants "created" the condition, rendering "irrelevant" an inquiry into "the usual questions of notice" *(Cook v Rezende,* 32 NY2d 596, 599). While there is no evidence as to the manner in which the garland was installed, clearly, such knowledge is in the exclusive possession of the defendants. In what manner the garland was installed, and whether the method so employed resulted in a dangerous condition created by defendants, raises issues of fact that must be resolved at trial. Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.