■ SARA LONDNER, Appellant, v BIG V SUPERMARKETS, INC., et al., Respondents. (And a Third-Party Action.) [766 NYS2d 247] —Appeal from an order of the Supreme Court (Meddaugh, J.), entered June 20, 2002 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for injuries she allegedly sustained when she fell in the vestibule of a supermarket owned and operated by defendants located in the Town of Monticello, Sullivan County. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, inter alia, that plaintiff failed to establish that defendants either created the allegedly dangerous condition that purportedly caused plaintiff's fall or had actual or constructive notice thereof. Supreme Court granted defendants' motion, finding that plaintiff failed to establish a prima facie case of negligence, and this appeal by plaintiff ensued.

We affirm. Even a cursory review of plaintiff's examination before trial testimony reveals that plaintiff was unable to recall in any meaningful detail the circumstances surrounding her fall. Although plaintiff testified that she observed "[a] little black thing * * * lying on the floor" in the vestibule where she fell, an apparent reference to the rug on which plaintiff now

asserts she tripped,* plaintiff could not shed any light upon the actual object or condition that precipitated her fall. Additionally, plaintiff was unable to recall whether the "little black thing" she observed was ripped, torn or frayed.

The foregoing testimony, in our view, was sufficient to discharge defendants' initial burden on the motion for summary judgment (*see Christopher v New York City Tr. Auth.,* 300 AD2d 336 [2002]), thereby requiring plaintiff to demonstrate that defendants either created the allegedly dangerous condition that caused her fall or had actual or constructive notice thereof (*see Williams v Hannaford Bros. Co.,* 274 AD2d 649, 650 [2000]; *Dapp v Larson,* 240 AD2d 918 [1997]). This plaintiff failed to do, primarily because she was unable to identify, much less prove, what actually caused her to fall (*see Williams v Hannaford Bros. Co., supra* at 650; *Robinson v Lupo,* 261 AD2d 525 [1999]; *Dapp v Larson, supra* at 918-919). Although Pearl Handelsman, who accompanied plaintiff to the supermarket on the day in question but did not witness plaintiff's fall, testified that plaintiff told her, "I tripped over the rug," and the accident report so reflects, these hearsay statements directly contradict plaintiff's examination before trial testimony and are insufficient to defeat defendants' motion. Moreover, Handelsman's unsubstantiated claim that the rug in the vestibule was ripped or torn in three places is of no aid to plaintiff, as Handelsman conceded that plaintiff never stated that she tripped over the ripped portion of the rug. In short, as plaintiff failed to establish the existence of a dangerous condition, much less defendants' creation or notice thereof, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Other witnesses testified that the rug present in the vestibule was in fact red.