■ Donna Tenkate et al., Respondents, v Tops Markets, LLC, et al., Appellants. [831 NYS2d 565]—

Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 17, 2006 in Tompkins County,

---

which denied defendants' motion for summary judgment dismissing the complaint.

In April 2002, plaintiff Donna Tenkate (hereinafter plaintiff) was injured in a slip-and-fall accident at a store operated by defendant Tops Markets, LLC (hereinafter defendant) in the City of Ithaca, Tompkins County. Plaintiff entered defendant's store at approximately 1:00 P.M. to buy lunch at the deli counter. After picking up her items, she walked down the main aisle toward the front of the store which was adjacent to its floral department and flower display. Realizing that she also sought to purchase another item, she stopped, turned, walked "less than a foot" and then slipped and fell. Plaintiff contended that she slipped in a puddle of water.

Plaintiff and her husband, derivatively, commenced this action against defendants,* alleging serious personal injuries. Following discovery, defendants moved for summary judgment, which motion was denied by Supreme Court. Defendants appeal.

Defendants had the initial burden of establishing that they neither created the alleged dangerous condition nor had actual or constructive notice of it (see e.g. *Londner v Big V Supermarkets*, 309 AD2d 1122, 1123 [2003]; *Altieri v Golub Corp.*, 292 AD2d 734, 734 [2002]; *Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819 [2000]; *Sosa v Golub Corp.*, 273 AD2d 762, 763 [2000]). Defendants' proffer consisted of an affidavit from Brian Bush, the assistant store manager, as well as his deposition testimony. It established that it was his responsibility to inspect the premises, having walked through the area where plaintiff claims to have fallen at approximately 1:00 P.M. when he went to purchase his lunch at the deli counter. He stated that all employees, including himself, were trained to "look for anything that needed to be done." He further alleged that when he got to the accident location with plaintiff, the floor was dry. Finally, Bush averred that he questioned five employees, none of whom had any knowledge of any water on the floor before or after plaintiff's fall. Finding this proffer sufficient to establish a lack of notice as a matter of law (see CPLR 3212 [b]; *Londner v Big V Supermarkets, supra* at 1123; *Sosa v Golub Corp., supra* at 763; *Richardson-Dorn v Golub Corp.*, 252 AD2d 790, 791 [1998]; compare *Mancini v Quality Mkts.*, 256 AD2d 1177, 1178 [1998]), the burden shifted to plaintiffs to raise a triable issue of fact (see *Mueller v Hannaford Bros. Co., supra* at 819; *Sosa v Golub Corp., supra* at 764).

---

* On the date of the incident, defendant ARP Lansing, LLC was the lessor of the supermarket premises and defendant GSF Realty, Inc. was its managing agent.

Plaintiffs submitted photos of the area where plaintiff fell, which depicted tiered floral displays on one side of the main aisle. Plaintiff's deposition testimony supports her pleading that the puddle of water on which she fell "was a trail that came from the flowers." Bush explained, in his testimony, that there are numerous "pod units" along the main aisle, and that none of the plants has any drain pans to collect water; only a cellophane wrap is used. He confirmed that there is no matting on the floors in the floral area and that the watering of the plants is typically done between 10:00 A.M. and 1:00 P.M. from a pressurized unit which is transported to the location of the plants. Bush's testimony also highlighted that, due to the absence of the store manager on that day, it was his responsibility to manage the entire store. Recognizing that he was required to monitor the store for spills during the day, "roughly guess[ing]" that he would do so approximately once an hour if there were no other responsibilities, he stated that on this particular day, he probably inspected the aisles a total of three times prior to 2:00 P.M. However, no written records were maintained.

Viewing the evidence, in its totality, in a light most favorable to plaintiffs and according them the benefit of every reasonable inference, we find that plaintiffs raised a triable issue of fact that defendant created the condition upon which plaintiff fell (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]), thus negating the claim of a lack of notice (*see Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126 [1995]). Bush's testimony concerning the daily timing for the watering of the plants, the magnitude of the floral display, its proximity to plaintiff's fall, and the fact that the plants tiered upon these pods failed to have drain pans to collect water after a watering supports the contention that defendant created this condition (*see Ohanessian v Chase Manhattan Realty Leasing Corp.*, 193 AD2d 567, 567 [1993]), if we accept plaintiff's account of the accident, as we must, on a motion of this kind (*see Herman v Powers*, 103 AD2d 992, 992-993 [1984]). With the goal of a motion for summary judgment being issue finding rather than issue determination (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Macri v Smith*, 12 AD3d 896, 898 [2004]), we affirm the denial of defendants' motion for summary judgment for the reasons stated herein.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.