■ George Lynch et al., Appellants, v Liberty Mutual Fire Insurance Company, Respondent. [870 NYS2d 166]—

Stein, J. Appeal from an order of the Supreme Court (Hard, J.), entered December 7, 2007 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action for breach of contract based upon defendant's denial of coverage for damage to plaintiffs' swimming pool under a policy of insurance issued to plaintiffs by defendant. Defendant claims that such damage is not covered by the policy because it was caused by normal wear and tear. Plaintiffs, on the other hand, argue that the damage was covered because it was caused by a lightning strike.* After substantial discovery, defendant moved and plaintiffs cross-moved for summary judgment, each alleging that there was no question of fact as to the cause of the damage to the pool. Supreme Court, among other things, granted defendant's motion, prompting this appeal by plaintiffs.

To succeed on a motion for summary judgment, the movant is required to establish its entitlement to judgment as a matter of law by demonstrating that there are no questions of fact, shifting the burden to the nonmovant to raise a question of fact requiring a trial (see CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). Here, defendant proffered a copy of the insurance policy, which " 'stated in clear and unmistakable language' " (*Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016 [2008]) that loss to property caused by "wear and tear . . . [or] deterioration" was not covered. In addition, defendant offered the deposition testimony of its claims representative and one of its pool inspectors, both of whom denied seeing any evidence—such as charring and burning—that lightning struck the pool. On the other hand, they observed that the steel truss supporting the pool was rusted. In fact, the claims representative testified that the truss was so weak that it crumpled in his hands when he touched it and the pool inspector opined that the failure of the steel truss to support the pool wall had led to the wall's collapse. Coupled with the testimony of plaintiff George Lynch that the pool was almost 20 years old

* Defendant does not dispute that damage caused by lightning would be covered.

when the incident occurred, this evidence established that the policy provision concerning wear and tear was applicable in this case (*see id.* at 1016), thereby shifting the burden to plaintiffs to raise a question of fact.

Contrary to Supreme Court's determination, we find that plaintiffs met this burden. Lynch testified that he maintained his pool in a state of good repair and that yearly maintenance had been performed up until the time of the incident. Plaintiffs also provided evidence that there was a particularly bad thunderstorm on the night the pool was damaged. In addition, the sworn statement of plaintiffs' daughter was presented wherein she alleged that she felt a huge explosion contemporaneous to seeing a flash of light in the backyard, leading her to believe that the house had been struck by lightning. When she and her father went into the backyard a short time later, it appeared that "the pool had exploded."

Plaintiffs also offered the sworn statement of Ronald Casso, a licensed architect with over 25 years of experience repairing and building above-ground pools. Based upon his review of color photographs of plaintiffs' pool taken shortly after the incident, Casso concluded that the pool had "been subjected to an extreme trauma." He further noted that the structural makeup of plaintiffs' pool was such that, even if the steel truss in question had been rusted, such wear and tear would not have been responsible for the pool's collapse. In his experience, when pools collapse due to wear and tear, it is "always the last stage in a process of deterioration that is physically apparent," and he observed nothing that would indicate that such a process of deterioration had taken place here.

Finally, plaintiffs offered the sworn statement of Howard Altschule, a certified meteorologist who performed an analysis of the weather conditions on the evening of June 29, 2005, reviewing weather data and climatological records of the area in and around plaintiffs' residence. This analysis reflected data indicating numerous lightning strikes within a five-mile radius of plaintiffs' home at or about the time of the incident, including one particular bolt that struck "very close to the house in question." While defendant's attorney questions the proximity of that particular strike based upon his interpretation of the meteorological data, nothing in the record establishes his qualifications to do so. In all events, his contrary opinion would, at best, merely create a question of fact. Additionally, Altschule explained that lightning strikes can be "hot" or "cold," with the latter failing to leave charring or scorching in and around the area of a strike. Thus, based upon the data and the

testimony of plaintiffs' daughter, Altschule concluded that lightning did strike plaintiffs' pool, causing the corner of the pool to collapse.

Viewing the totality of the evidence in the light most favorable to plaintiffs, as the nonmoving parties (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]; *Goff v Clarke*, 302 AD2d 725, 727 [2003]), and according them the benefit of every reasonable inference (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Tenkate v Tops Mkts., LLC*, 38 AD3d at 989), we find that plaintiffs raised a genuine issue of fact with regard to the cause of their swimming pool's collapse (*see Pronti v Cicora*, 35 AD3d 1007, 1008 [2006]). Thus, defendant's motion for summary judgment should have been denied. Having found questions of fact, plaintiffs' contentions regarding damages are not appropriately decided at this juncture.

We have considered plaintiffs' remaining contentions and find them to be either unpreserved or without merit.

Cardona, P.J., Rose and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.