■ MICHAEL G. BEGLIN JR., Respondent, v HARTWICK COLLEGE, and/or HARTWICK COLLEGE, INC., and/or HARTWICK COLLEGE, an Educational Corporation, a Not-For-Profit Corporation, and/or an Educational Association, Appellant. [888 NYS2d 320]—

Stein, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered June 12, 2008 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, while a student at defendant, was injured when he was attempting to ascertain why the metal weight plates of a weight machine being used by his friend at the school's fitness center became "jammed." Approximately 140 pounds of such weight plates suddenly dislodged and fell on his hand, which he had rested on the weight machine. Plaintiff commenced this action seeking recovery for his injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant now appeals.

We affirm. The issue before us is whether defendant established as a matter of law that it did not have actual or constructive notice of a dangerous condition of the weight machine which

allegedly resulted in plaintiff's injury (*see Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086 [2007]; *Alig v Parkway Parking of N.Y., Inc.*, 36 AD3d 980, 980 [2007]). Here, defendant provided the deposition testimony of Heidi Hofbauer-Buzzy, an athletic trainer at the fitness center, and the affidavit of Louise Lansing, the center supervisor, both of whom denied knowledge of any problems with the weight machine prior to plaintiff's accident. This evidence was sufficient to establish defendant's prima facie entitlement to judgment as a matter of law, thus shifting the burden to plaintiff to raise a triable issue of fact (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

In opposition, plaintiff offered the deposition testimony of Richard Cook, the fitness center custodian. At the time of the accident, Cook was responsible for cleaning and servicing the equipment in the fitness center, including the weight machine in question. He testified that the metal plates on the weight machine could easily become jammed if an accessory weight was improperly placed thereon. Cook further testified that this was a recurring problem with this weight machine, requiring that it be repaired several times in the past, and that he had notified Hofbauer-Buzzy of such problem.

Viewing the totality of the evidence in the light most favorable to plaintiff, as the nonmoving party (*see Lynch v Liberty Mut. Fire Ins. Co.*, 58 AD3d 939, 942 [2009]; *Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]; *Goff v Clarke*, 302 AD2d 725, 727 [2003]) and according him the benefit of every reasonable inference (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Tenkate v Tops Mkts., LLC*, 38 AD3d at 989), we find that plaintiff raised a genuine issue of fact with regard to whether defendant had notice of the dangerous condition of the weight machine that caused plaintiff's injury (*see Pronti v Cicora*, 35 AD3d 1007, 1008 [2006]). The questions of whether an accessory weight was used and whether such use was the cause of the weight jam in this instance presented factual issues to be decided by the trier of fact (*see generally Camaj v East 52nd Partners*, 215 AD2d 150, 151 [1995]). Likewise, the question of whether plaintiff ignored the warning label on the weight machine when he placed his hand beneath the weights creates an issue of fact as to the parties' comparative fault (*see Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 952 [2004]). Thus, defendant's motion for summary judgment was properly denied.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur.
Ordered that the order is affirmed, with costs.