■ CHARLA BROWN et al., Appellants, v ESTATE OF RICHARD C. TERRY, Deceased, et al., Respondents. [909 NYS2d 769]—

Lahtinen, J. Appeal from an order of the Supreme Court (Becker, J.), entered December 14, 2009 in Delaware County, which denied plaintiffs' motion for summary judgment.

Plaintiffs commenced this action pursuant to RPAPL article 15 seeking a declaration that they signed a valid and binding agreement to purchase real property from Richard C. Terry

---

(hereinafter decedent) located on State Route 10 in the Town of Hamden, Delaware County. Following joinder of issue, plaintiffs moved for summary judgment. Supreme Court denied the motion and plaintiffs appeal.

We affirm. According to plaintiffs, they entered into a written "rent to own" purchase agreement with decedent on January 15, 2007.* Under the terms of the agreement, plaintiffs were required to pay decedent a down payment of $4,000, assume the mortgage payments until the mortgage is satisfied, pay decedent $200 per month to be used for the payment of school and property taxes and pay for all utilities. In support of their motion for summary judgment, plaintiffs submitted various affidavits, including the affidavit of a purported witness to the signing of the agreement, bank records, tax records and a copy of the agreement itself. Accordingly, plaintiffs established prima facie entitlement to summary judgment, shifting the burden to defendants to submit competent evidence demonstrating the existence of a triable issue of fact (see Miletich v Kopp, 70 AD3d 1095, 1095-1096 [2010]).

In opposition, defendants Stacey Knowles and Miranda Terry (hereinafter collectively referred to as defendants), daughters of decedent and co-administrators of his estate, submitted affidavits from Knowles and acquaintances of decedent, challenging his intention to sell the property to plaintiffs and the veracity of the purported witness to the agreement. Further, defendants presented evidence, in the form of samples of decedent's signature, challenging the authenticity of decedent's signature on the agreement. Viewing this evidence, as we must, in the light most favorable to defendants as the nonmoving parties (see Lynch v Liberty Mut. Fire Ins. Co., 58 AD3d 939, 942 [2009]), and according them the benefit of every reasonable inference (see Tenkate v Tops Mkts., LLC, 38 AD3d 987, 989 [2007]), we conclude that defendants raised a triable issue of fact as to whether decedent entered into an agreement to sell the property. The question of whether the handwriting samples provided by defendants to be compared with the disputed signature have been proved to be samples of decedent's signature is within the discretion of Supreme Court (see CPLR 4536) and, contrary to plaintiffs' contention, we find no abuse of discretion in considering the samples here. Further, based upon our review of the handwriting samples, we disagree with plaintiffs' claim that the samples submitted by defendants do not sufficiently differ from decedent's purported signature, which was not notarized, so as to preclude submitting the issue

---

* Decedent died intestate in November 2007.

to a factfinder (*compare Acme Am. Repairs, Inc. v Uretsky*, 39 AD3d 675, 677 [2007], *lv dismissed* 9 NY3d 979 [2007]; *Spilky v Bernard H. La Lone, Jr., P.C.*, 227 AD2d 741, 743 [1996]). Finally, we reject defendants' contention that plaintiffs' conduct by taking this appeal constituted frivolous conduct pursuant to 22 NYCRR 130-1.1 (*compare Hansen v Werther*, 2 AD3d 923, 924 [2003]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.