Superhost Hotels Inc. v Selective Ins. Co. of Am. (2018 NY Slip Op 02519)





Superhost Hotels Inc. v Selective Ins. Co. of Am.


2018 NY Slip Op 02519


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525034

[*1]SUPERHOST HOTELS INC., Doing Business as ALBANY RAMADA PLAZA, Appellant,
v
SELECTIVE INSURANCE COMPANY OF AMERICA, Respondent.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Merlin Law Group, P.A., New York City (Verne A. Pedro of counsel), for appellant.
Hurwitz & Fine, PC, Buffalo (Jennifer A. Ehman of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Connor, J.), entered January 6, 2017 in Albany County, which granted defendant's motion for, among other things, summary judgment dismissing the complaint.
Plaintiff's hotel in the City of Albany suffered extensive damage during Hurricane Irene in August 2011, when strong winds and heavy rain drove water into the building's interior. The hotel was covered by an all-risk commercial liability insurance policy, issued by defendant, that provided coverage for all physical loss and damage except for losses resulting from causes
expressly listed in the policy's exclusions and limitations. Plaintiff filed a claim under the policy. Defendant denied the claim pursuant to an exclusion for wear and tear and a limitation precluding coverage for interior damage caused by rain except in certain circumstances. Plaintiff commenced this action for breach of contract, and defendant moved for summary judgment dismissing the complaint, relying upon an expert engineer's affidavit and report that supported the grounds for denial. In opposition, plaintiff submitted the affidavit of a proposed window expert, who opined that the rain had entered the building as a result of high winds — a covered cause of loss — interacting with the hotel's windows. Supreme Court granted defendant's motion and dismissed the complaint, finding that defendant had established on a prima facie basis that the wear and tear exclusion applied, and that plaintiff had not established the existence of a triable issue of fact, as the proposed expert was not qualified to render a reliable opinion on the cause of the damage and, further, based his opinions upon speculation. Plaintiff appeals.
An insurer seeking to avoid coverage under a policy exclusion bears the burden of proving "that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]; accord Pichel v Dryden Mut. Ins. Co., 117 AD3d 1267, 1268 [2014]). Any ambiguity in an exclusion's language is construed against the insurer (see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]; Craft v New York Cent. Mut. Fire Ins. Co., 152 AD3d 940, 941 [2017]). Initially, we find no ambiguity in the exclusion for "[w]ear and tear," although that term is not defined in the policy. "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech" (Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326-327 [1996] [internal citations omitted]; see Dean v Tower Ins. Co. of N.Y., 19 NY3d at 708). The dictionary definition of "wear and tear" is "the loss, injury, or stress to which something is subjected by or in the course of use" (Merriam-Webster Online Dictionary, wear and tear, https://www.merriam-webster.com/dictionary/wearandtear; see Lynch v Liberty Mut. Fire Ins. Co., 58 AD3d 939, 940 [2009]). Nothing in the policy language suggests that an average insured would expect the phrase to have another meaning or that the language is subject to any other reasonable interpretation.
As for the application of the exclusion in this case, defendant supported its summary judgment motion with the affidavit and report of an engineer with experience in "structural investigation[s] and failure determinations" who inspected the property several weeks after the hurricane. His examination of the hotel's exterior walls revealed "improper flashing detail" consisting of failed caulk that had originally been installed to seal the areas where each room's exterior walls and windows met the hotel's concrete floors and surrounding masonry walls. According to the engineer, the caulk had separated from these surfaces as a result of age and lack of maintenance, creating spaces through which water could migrate into the walls. The engineer observed significant deterioration in the walls' internal framing, as well as other indications that water had been seeping into the walls for a long time; in a follow-up inspection several years later, he also found evidence that water continued to enter the walls after the hurricane as a result of the failed caulk, causing new damage to surfaces that had been repaired after the storm. It was this engineer's opinion that, during the hurricane, large amounts of rainwater passed through the openings created by the failed caulk, penetrated the walls and entered the interior of the hotel, damaging carpets, walls and interior finishes. The engineer thus opined with a reasonable degree of engineering certainty that the cause of the water damage to the hotel during the hurricane was the failure of the caulk as a result of age and poor maintenance — that is, wear and tear. Defendant supported this opinion with deposition testimony from the hotel's owner and general managers establishing that the exterior caulk had not been checked as part of any regular maintenance program, and had never been maintained within their memory. We agree with Supreme Court that these submissions were sufficient to meet defendant's burden to establish on a prima facie basis that plaintiff's loss was caused by wear and tear within the meaning of the policy exclusion, shifting the burden to plaintiff to establish the existence of a triable issue of fact (see Lynch v Liberty Mut. Fire Ins. Co., 58 AD3d at 940-941; see also Simkowitz v Firemen's Fund Ins. Co., 5 AD3d 283, 284 [2004]).
Plaintiff sought to meet this burden with the affidavit of its proposed window expert, who inspected the hotel several years after the hurricane and opined, in brief, that high winds associated with the storm caused the water damage by forcing the hotel windows to bow, thus creating temporary and permanent openings through which rain entered the interior. Supreme Court did not abuse its discretion in finding that this opinion lacked probative value (see generally Martin v State of New York, 305 AD2d 784, 785-786 [2003], lv denied 100 NY2d 512 [*2][2003]). "A precondition to the admissibility of expert testimony is that the proposed expert is 'possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable'" (Flanger v 2461 Elm Realty Corp., 123 AD3d 1196, 1197 [2014], quoting Matott v Ward, 48 NY2d 455, 459 [1979]). Supreme Court properly found that the affidavit did not provide adequate information to support such a determination.
The proposed expert averred that he was the president of a construction services company that specialized in commercial glass and glazing, and had previously worked as the general operations manager for a company in which he had overseen "commercial and government contracting concerning specialized architectural window replacement, contract glazing and construction management." He had a bachelor of science degree in accounting. There is no indication in his resume or affidavit that he had engineering training or specific knowledge or education in identifying the causes of window failure. It is well-established that "an expert may be qualified without specialized academic training through long observation and actual experience" (Price v New York City Hous. Auth., 92 NY2d 553, 559 [1998] [internal quotation marks, bracket and citation omitted]). Here, however, the proposed expert's current and past employment involved sales and management responsibilities, rather than experience pertinent to the causes of window failure. Although he averred that he had regularly examined defective windows as a longstanding part of his employment, there was no indication that these examinations included experience in the subjects upon which he opined, including the behavior of windows during high winds, the effect of pressure on windows, the behavior of wind near buildings and, most significantly, the causes of window failure during storms. As the submissions do not reveal that the proposed expert's opinions as to the cause of the water damage are reliable, we agree with Supreme Court's finding that his affidavit failed to raise a triable issue of material fact related to the wear and tear exclusion (see Chirumbolo v 78 Exch. St., LLC, 137 AD3d 1358, 1359 [2016]; Ray v State of New York, 305 AD2d 791, 792 [2003]; Hofmann v Toys "R" Us, NY Ltd. Partnership, 272 AD2d 296, 296 [2000]).
For the same reasons, plaintiff failed to establish issues of fact as to the policy's limitation for interior damage caused by rain. The rain limitation included an exception that allowed coverage when rain entered a building as the result of prior damage to its roof or walls resulting from a covered cause of loss — here, according to plaintiff, wind that deformed the windows. Defendant established that the rain limitation precluded plaintiff's recovery by submitting evidence that the hotel roof sustained no damage as a result of the storm and that the damage to the interior was caused by rain. It was plaintiff's burden to establish that the exception applied (see Platek v Town of Hamburg, 24 NY3d 688, 694 [2015]; State of New York v Schenectady Hardware & Elec. Co., 223 AD2d 783, 785 [1996]) and, in the absence of the proposed expert's affidavit, plaintiff submitted no such evidence. Thus, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
McCarthy, Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.