## Schiff v Intersystem S&S Corp.

2025 NY Slip Op 31012(U)

March 31, 2025

Supreme Court, New York County

Docket Number: Index No. 155656/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**  <u>**HON. PAUL A. GOETZ**</u>                    **PART**                    **47**

*Justice*

-----------------------------------------------------------------------------X

JOSEPH SCHIFF,

                     Plaintiff,

           - v -

INTERSYSTEM S&S CORP., INTERSYSTEM
INSTALLATION CORP., MCRB SERVICES CORP., MCRB
CORP., THE APPLE BANK BUILDING CONDOMINIUM,
2112 BROADWAY MANAGEMENT, LLC.,

                    Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155656/2019 |
| **MOTION DATE** | 04/23/2024, 08/22/2024 |
| **MOTION SEQ. NO.** | 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 188, 193, 194, 199, 200, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 290, 292, 293, 298, 300, 307, 308

were read on this motion to/for          <u>JUDGMENT - SUMMARY</u>          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 225, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 291, 294, 295, 296, 297, 299, 301, 302, 303, 304, 305, 306

were read on this motion to/for          <u>SUMMARY JUDGMENT (AFTER JOINDER)</u>          .

     In this personal injury action arising from plaintiff's trip and fall over scaffolding materials on a sidewalk, defendant Intersystem S&S Corp. (Intersystem) moves pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint and all crossclaims asserted against it (MS #5). Plaintiff cross-moves (i) pursuant to CPLR § 3126(2) for an order sanctioning Intersystem for spoliation and (ii) pursuant to CPLR § 3212 for summary judgment on the issue of Intersystem's liability, and dismissing Intersystem's first affirmative defense for comparative negligence (MS #5). Defendant The Apple Bank Building Condominium (Apple Bank) moves (i) pursuant to CPLR § 3025 for leave to file an amended answer asserting a

**155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.**
  **Motion No.  005 006**

**Page 1 of 15**

[* 1]

crossclaim against Intersystem for breach of contract; and (ii) pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint as against it, on its common law indemnification claim as against Intersystem, and on its breach of contract claim as against Intersystem (MS #6). Plaintiff cross-moves pursuant to CPLR § 3212 for summary judgment on the issue of Apple Bank's liability and dismissing several of its affirmative defenses (MS #6).

## BACKGROUND

Plaintiff's Competency

Plaintiff's accident occurred on February 20, 2017, and plaintiff initiated this action on June 6, 2019 (NYSCEF Doc No 1). Plaintiff was originally scheduled to be deposed on March 3, 2021, however, the deposition was delayed due to concerns regarding his mental competency (NYSCEF Doc Nos 77, 186 ["It is undisputed that Plaintiff [] suffers from cognitive decline dating back to before the accident"]). Based on a competency hearing held on October 6, 2021, and a review of plaintiff's records, the court determined that plaintiff was not competent to testify as to the facts and circumstances surrounding his accident (NYSCEF Doc No 101). Plaintiff's domestic partner of many years, Phyllis Schwartz, was appointed as *guardian ad litem* for the purposes of representing his interests and prosecuting the instant action (*id.*).

Location & Relationship of Parties

Apple Bank owned the bank located at 2112 Broadway, New York, NY 10023 (the building) where plaintiff's accident occurred; non-party The Andrews Organization was the property management company for the building (NYSCEF Doc No 212). Intersystem was hired to install a sidewalk shed against the façade of the building for use during a construction project (NYSCEF Doc No 213).

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 2 of 15

The contract for the installation of the sidewalk shed, dated January 30, 2017, "is a standard form that Intersystem used for their contracts" (NYSCEF Doc no 210, p. 228). The Andrews Organization is named at the top of the document (*id.*). Apple Bank is not referenced in the contract, however, the contract is signed by Richard Rathe of Apple Bank as the "customer" (*id.*) and Rathe testified that he was signing on behalf of Apple Bank (NYSCEF Doc No 211, pp. 83-84 [but also noting that the terms of the agreement had been negotiated by The Andrews Organization]). Vice President of The Andrews Organization Stuart Smolar states that "The Andrews Organization did not enter into a contract with Intersystem S&S Corp. dated January 30, 2017 . . . Rather, the contract is between The Apple Bank Building Condominium and Intersystem S&S Corp. only" (NYSCEF Doc No 217 [also noting The Andrews Organization did not pay for Intersystem's work]). The contract provides: "Intersystems Corporation agrees to name Customer and such other entities as the customer shall request in writing, as additional insured as evidenced by a Certificate of Insurance" (NYSCEF Doc No 213 § 12).

Jorge Molina, the former president and sole owner of Intersystem, testified that installation of sidewalk sheds requires materials such as poles, brackets, connectors, planks, and plywood (NYSCEF Doc No 181, pp. 25-27). Molina further stated that these materials would not be on the sidewalk unless the workers were actively in the process of constructing the shed (*id.*, pp. 123-24).

Plaintiff's complaint alleges that on February 20, 2017, as he was walking on the sidewalk on West 73rd Street, between Broadway and Amsterdam Avenue, "he was caused to trip and be violently precipitated to the ground by the defective, dangerous, debris filled, trap like and unsafe condition of the [] premises" and sustained injuries as a result (NYSCEF Doc No 1 ¶¶ 15, 198).

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 3 of 15

[* 3]

Schwartz's Testimony

Schwartz testified that plaintiff had left their apartment to pick up milk and called to let her know he was on his way back (NYSCEF Doc No 180, p. 64). However, plaintiff did not return, and sometime later, the police called to tell Schwartz that plaintiff "fell on [] scaffolding and [] was in an ambulance" (*id.*, pp. 64-66). Schwartz quickly hailed a taxi and rode to the location of plaintiff's accident, which was "less than five minutes" away from their apartment (*id.*, p. 8). Upon arriving, she observed "an ambulance where [plaintiff] was [and] the scaffolding strewn across the sidewalk" (*id.*, p. 9 ["there were metal rods, [] wood planks, and there was also blood"]). Schwartz testified that "[w]hile [plaintiff] was lying in the ambulance, he was kind of groggy, but he pointed and said, 'I fell on that scaffolding'" (*id.*, p. 14). Schwartz stated that after speaking with plaintiff, she exited the ambulance to look for someone in charge, and found Intersystem supervisor and project manager Michael Badzio, who "told [her] that [plaintiff] had fallen on the scaffolding poles and boards" (NYSCEF Doc No 256).

Witnesses & Reports

Jacek Kolano, a former driver for Intersystem, was "standing on the sidewalk by [his] truck, which was far away from" plaintiff at the time plaintiff fell (NYSCEF Doc No 244). Kolano stated that at the time, Intersystem workers "were in the process of installing a shed/scaffolding on the sidewalk" (*id.*). Kolano "did not witness the pedestrian fall nor [] see what, if anything, caused him to fall," however, he "did see poles for scaffolding on the sidewalk in the vicinity of where [plaintiff] fell" (*id.*).

A police report filed by officer Anthony Sinacori states: "Victim did trip over materials being used to build scaffolding in front of location" (NYSCEF Doc No 245). Officer Sinacori did

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 4 of 15

[* 4]

not witness the accident first-hand but described the accident as it was conveyed to him by plaintiff (NYSCEF Doc No 288, p. 45).

## DISCUSSION

<u>Summary Judgment (MS #5 & MS #6)</u>

    *i.       Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

155656/2019   **SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.**
Motion No.  005 006

Page 5 of 15

5 of 15

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

    ii.       *Plaintiff's Causes of Action as Against Intersystem (MS #5)*

Intersystem moves pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint as against it, arguing that Intersystem only assumed contractual obligations under its agreement with Apple Bank and did not fall into any of the "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care— and thus be potentially liable in tort—to third persons" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Specifically, Intersystem asserts that it did not create or exacerbate a dangerous condition which proximately caused plaintiff's injuries; plaintiff did not detrimentally rely on the continued performance of Intersystem's duties; and Intersystem did not entirely replace Apple Bank's duty to maintain the safety of the premises for passersby (NYSCEF Doc No 185). Intersystem further argues that plaintiff's complaint must be dismissed because plaintiff cannot identify the cause of his fall without engaging in speculation, as he is not competent to testify as to the facts and circumstances of his accident and Schwartz's testimony as to plaintiff's description of the accident is inadmissible hearsay (*id.*).

Plaintiff cross-moves for summary judgment on the issue of Intersystem's liability, arguing that plaintiff submitted direct and circumstantial evidence in admissible form establishing that plaintiff was injured when he tripped and fell over the materials strewn across the sidewalk; specifically, plaintiff argues that plaintiff's statement to Schwartz about the cause of his fall is admissible under the excited utterance exception, and Badzio's statement to Schwartz is admissible under the speaking agent exception (NYSCEF Doc No 253). Plaintiff also argues that Badzio's and plaintiff's statements as recounted by Schwartz and officer

Sinacori must be considered on the instant motion, regardless of whether they constitute hearsay statements; and that plaintiff did, in fact, identify the cause of his fall on the date of his accident, at which time he was mentally competent to describe what happened (*id.*).

"Hearsay [] cannot be considered as evidence to *support* a motion for summary judgment" (*Vera v Low Income Mktg. Corp.*, 145 AD3d 509, 515 [1st Dept 2016] [emphasis added]), however, it "may be considered to *defeat* a motion for summary judgment as long as it is not the only evidence submitted in opposition" (*Fountain v Ferrara*, 118 AD3d 416, 416 [1st Dept 2014] [emphasis added]).

Here, Intersystem failed to meet its prima facie burden of establishing that it did not "launch[] a force or instrument of harm" (*Espinal*, 98 NY2d at 140 [internal quotation marks omitted]). Contrary to Intersystem's contention, there is sufficient evidence suggesting that Intersystem created the hazardous condition, i.e., the placement of materials on the sidewalk (NYSCEF Doc Nos 180, p. 9 [Schwartz observed shortly after the accident that "the scaffolding [was] strewn across the sidewalk"]; 244 [Kolano stating that "at the time the pedestrian fell, workers for Intersystem were in the process of installing a shed/scaffolding on the sidewalk"]). Therefore, this falls into one of the three situations in which the contracting party assumes a duty of care to plaintiff (*Espinal*, 98 NY2d at 140).

Nor has Intersystem established that "there could have been many possible causes" for plaintiff's accident and that "plaintiff cannot identify the cause of [his] fall without engaging in [mere] speculation" (*Gardell v Arden Ave. Homeowners Assn.*, 228 AD3d 834, 835 [2nd Dept 2024] [considering "deposition testimony concerning the statements that the decedent made to the plaintiff and the nonparty witness"]). Plaintiff's evidence—including Schwartz's testimony that plaintiff "pointed and said, 'I fell on that scaffolding'" (NYSCEF Doc No 180, p. 14) and

that Badzio "told [her] that [plaintiff] had fallen on the scaffolding poles and boards" (NYSCEF Doc No 256)—"provides a nonspeculative basis for [plaintiff's] version of the accident and sufficiently establishes a nexus between the hazardous condition and the circumstances of [his] fall" (*Peña v Tyrax Realty Mgt., Inc.*, 150 AD3d 440, 440 [1st Dept 2017]).

As for plaintiff's cross-motion, the parties disagree over whether Schwartz's testimony regarding plaintiff's and Badzio's description of the accident is admissible. However, even if this evidence is considered, it fails to establish Intersystem's liability *as a matter of law*. Plaintiff allegedly stated that he "had fallen on the scaffolding" and Badzio allegedly stated that plaintiff had "fallen on the scaffolding poles and boards" but plaintiff is "unable to recall in any meaningful detail the circumstances surrounding [his] fall" and no witness to the accident has been identified (*Londner v Big V Supermarkets, Inc.*, 309 AD2d 1122, 1122 [3rd Dept 2003]). Therefore, viewing the evidence submitted in the light most favorable to Intersystem, it cannot be determined on the papers submitted that plaintiff's injuries were proximately caused by Intersystem's negligence.

Accordingly, the part of Intersystem's motion for summary judgment seeking dismissal of plaintiff's complaint as against it will be denied; and the part of plaintiff's cross-motion seeking summary judgment on the issue of Intersystem's liability will be denied.

iii.     *Plaintiff's Causes of Action as Against Apple Bank (MS #6)*

Apple Bank moves pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint as against it, arguing that it did not create or have notice of the alleged dangerous condition that caused plaintiff's fall. However, Apple Bank provides no support for this assertion in its moving papers (NYSCEF Doc No 203 [merely stating that "the proof establishes that Apple Bank did not have actual or constructive notice of an alleged defect"]); it

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 8 of 15

8 of 15

only raises supporting evidence in its reply (NYSCEF Doc No 303). Apple Bank therefore failed to make its prima facie showing that it was not negligent.

Plaintiff cross-moves pursuant to CPLR § 3212 for summary judgment on the issue of Apple Bank's liability, arguing that Apple Bank, as the owner of the premises, had a non-delegable duty to keep the property safe, and plaintiff submitted sufficient evidence to establish that plaintiff was injured when he tripped and fell over the materials strewn across the sidewalk (*id.*). However, as explained *supra*, plaintiff is "unable to recall in any meaningful detail the circumstances surrounding [his] fall" and no witness to the accident has been identified (*Londner*, 309 AD2d at 1122). Therefore, viewing the evidence submitted in the light most favorable to Apple Bank, it cannot be determined as a matter of law that plaintiff's injuries were proximately caused by Apple Bank's negligence.

Accordingly, the part of Apple Bank's motion for summary judgment seeking dismissal of plaintiff's complaint as against it will be denied; and the part of plaintiff's cross-motion seeking summary judgment on the issue of Apple Bank's liability will be denied.

iv.     *Intersystem's & Apple Bank's Affirmative Defenses*

Plaintiff's cross-motion for summary judgment against Intersystem (MS #5) seeks dismissal of its affirmative defense for comparative negligence on the basis that Intersystem failed to allege any facts indicating that plaintiff was negligent (NYSCEF Doc No 253). Intersystem did not address this argument in its opposition to the cross-motion (NYSCEF Doc No 307). Accordingly, the part of plaintiff's cross-motion seeking to dismiss Intersystem's (MS #5) affirmative defense for comparative negligence will be granted.

Plaintiff's cross-motion for summary judgment against Apple Bank (MS #6) seeks dismissal of its affirmative defenses for: comparative negligence (first), failure to mitigate

[* 9]

damages (third), assumption of the risk (fifth), and independent culpable act (sixth). Similarly, Apple Bank did not address these defenses in its opposition (NYSCEF Doc No 305). Accordingly, the part of plaintiff's cross-motion seeking to dismiss Apple Bank's (MS #6) first, third, fifth, and sixth affirmative defenses will be granted.

> v.     *Apple Bank's Crossclaims Against Intersystem*

Intersystem moves pursuant to CPLR § 3212 for summary judgment dismissing Apple Bank's crossclaims as against it for contractual and common law indemnification and contribution (MS #5). It argues that Apple Bank is not entitled to contractual indemnification because there was no contract between the parties and Apple Bank has not established that it is free from negligence; and that Apple Bank is not entitled to common law indemnification or contribution because it has not established that Intersystem was negligent (NYSCEF Doc No 185). In its opposition, Apple Bank withdraws its crossclaim for contractual indemnification but argues that it is entitled to common law indemnification and contribution (NYSCEF Doc No 273). As stated *supra*, Intersytem's negligence or lack thereof cannot be determined at this stage, and therefore, Intersystem is not entitled to dismissal of Apple Bank's remaining crossclaims as a matter of law.

Apple Bank moves pursuant to CPLR § 3212 for summary judgment on its common law indemnification crossclaim and its *proposed* breach of contract crossclaim as against Intersystem (MS #6). Like Intersystem, Apple Bank's negligence lack thereof cannot be determined at this stage, and therefore, Apple Bank is not entitled to summary judgment on its common law indemnification claim as a matter of law. Additionally, it would be premature to consider Apple Bank's arguments on the merits of its crossclaim for breach of contract, as it has not yet amended its answer to include this crossclaim (see *infra* for discussion of the motion to amend).

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 10 of 15

Accordingly, the part of Intersystem's motion for summary judgment seeking dismissal of Apple Bank's crossclaims as against it will be granted with respect to its crossclaim for contractual indemnification and otherwise denied (MS #5); and the part of Apple Bank's motion seeking summary judgment on its crossclaims against Intersystem for common law indemnification and breach of contract will be denied (MS #6).

Sanctions (MS #5)

Plaintiff cross-moves pursuant to CPLR § 3126(2) for an order sanctioning Intersystem for spoliation on the grounds that though Intersystem had notice of plaintiff's intention to litigate within three weeks of his accident, "Intersystem failed to preserve [] records relating to [plaintiff's] claim – including incident reports, emails, email addresses, text messages, and phone numbers of employees (other than Mr. Kolano) who were present and working," and therefore, "none of the Intersystem employees who were next to [plaintiff] when he was on the ground[] can be identified and/or deposed" (NYSCEF Doc No 253). Plaintiff notes that when Molina shut down his business (Intersystem) in December of 2020, he failed to preserve payroll records from 2017, his email login credentials, the phone he used in 2017, and other important records (*id.*).

Intersystem argues that plaintiff failed to meet all of the necessary elements to justify imposing spoliation sanctions because "[n]owhere in plaintiff's exhibits [] does the plaintiff affirmatively request the preservation of all witness information for the Intersystem employees at the subject location on the date of plaintiff's accident" (NYSCEF Doc No 307). Additionally, Intersystem asserts that "[i]n the period of time between the 2017 letter and the 2020 dissolution of Intersystem, plaintiff's counsel made no effort to obtain witness information from Molina," and therefore the fact that there are missing records "reflects nothing more than Molina's good faith effort to wrap up" his business (*id.*)

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 11 of 15

"A party seeking sanctions based on the spoliation of evidence must demonstrate: (1) that the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind'; and finally, (3) that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (*VOOM HD Holdings LLC v EchoStar Satellite LLC*, 93 AD3d 33, 45 [1st Dept 2012], citing *Zubulake v UBS Warburg LLC*, 220 FRD 212 [SDNY 2003]). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Sanders v 210 N. 12th St., LLC*, 171 AD3d 966, 968 [2nd Dept 2019]).

The preliminary status conference in this matter contemplated that all parties would exchange names and addresses of all witnesses by March 4, 2020 (NYSCEF Doc No 33), before Molina shut down his business. None of the subsequent conference orders—the last of which is from October 2022—reference the exchange of witness information (NYSCEF Doc Nos 41, 75, 108, 124, 130, 133); therefore, plaintiff waived his right to this information from Intersystem (*Alvarez v Feola*, 140 AD3d 596, 597 [1st Dept 2016] ["defendant waived his right to a medical examination since he 'willfully refused or simply failed to avail [himself] of the opportunity' to conduct plaintiff's medical examination within the deadlines set forth in the preliminary and compliance conference orders"] [quoting *Rosenberg & Estis, P.C. v Bergos*, 18 AD3d 218, 218 [1st Dept 2005]).

Accordingly, the part of plaintiff's cross-motion seeking sanctions against Intersystem will be denied, and the parties will be scheduled to appear for a status conference since the note of issue has not been filed.

Amended Answer (MS #6)

Apple Bank moves pursuant to CPLR § 3025 for leave to file an amended answer to include a crossclaim against Intersystem for breach of contract. Apple Bank asserts that good cause exists to amend its answer "because the deposition testimony obtained more than two years after Apple Bank filed its Verified Answer illustrates that . . . Apple Bank was to be [] insured under the contract" for Intersystem's services (NYSCEF Doc No 203).

The parties disagree over which entity is the "customer" in the January 30, 2017 contract, and therefore which entity was entitled to insurance coverage. As Apple Bank notes, Rathe of Apple Bank is the only signatory to the contract, and he testified that he signed on Apple Bank's behalf; and Smolar of The Andrews Organization asserts that Apple Bank was the customer, not The Andrews Organization, as further evidenced by the fact that The Andrews Organization did not pay for the work Intersystem performed (NYSCEF Doc Nos 203, 303). As Intersystem notes, however, Apple Bank is not referenced in the agreement whatsoever, and Rathe also testified that The Andrews Organization negotiated the terms of the contract (NYSCEF Doc No 296).

"Leave to amend pleadings should be freely granted in the absence of prejudice or surprise so long as the proposed amendment is not palpably insufficient as a matter of law" (*Mashinsky v Drescher*, 188 AD3d 465, 466 [1st Dept 2020]). Given the ambiguity of the contract—notably, the term "customer" is not defined therein—the proposed counterclaim is not "palpably insufficient as a matter of law." Nor has Intersystem demonstrated that amending the answer would be prejudicial (NYSCEF Doc No 296 [incorrectly asserting that "the amended pleadings would make the currently pending motions for summary judgment premature"]).

Accordingly, the part of Apple Bank's motion seeking leave to amend its answer will be granted.

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 13 of 15

13 of 15

## CONCLUSION

Based on the foregoing, it is

ORDERED that the part of Intersystem's motion for summary judgment (MS #5) seeking dismissal of plaintiff's complaint as against it is denied; and the part of plaintiff's cross-motion seeking summary judgment on the issue of Intersystem's liability is denied; and it is further

ORDERED that the part of Apple Bank's motion for summary judgment (MS #6) seeking dismissal of plaintiff's complaint as against it is denied; and the part of plaintiff's cross-motion seeking summary judgment on the issue of Apple Bank's liability is denied; and it is further

ORDERED that the part of plaintiff's cross-motion seeking to dismiss Intersystem's affirmative defense for comparative negligence (MS #5), and the part of plaintiff's cross-motion seeking to dismiss Apple Bank's first, third, fifth, and sixth affirmative defenses (MS #6) is granted; and it is further

ORDERED that the part of Intersystem's motion for summary judgment (MS #5) seeking dismissal of Apple Bank's crossclaims as against it is granted with respect to Apple Bank's crossclaim for contractual indemnification and otherwise denied; and the part of Apple Bank's motion seeking summary judgment on its crossclaims against Intersystem for common law indemnification and breach of contract is denied (MS #6); and it is further

ORDERED that the part of plaintiff's cross-motion seeking sanctions against Intersystem (MS #5) is denied; and it is further

ORDERED that the part of Apple Bank's motion seeking leave to amend its answer (MS #6) is granted; and it is therefore

155656/2019   SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.
Motion No.  005 006

Page 14 of 15

ORDERED that the amended answer, in the form annexed to the motion papers (NYSCEF Doc No 221), shall be deemed timely served upon service of a copy of this order with notice of entry upon all parties who have appeared in the action; and it is further

ORDERED that the parties are directed to appear for an in-person status conference on April 24, 2025.

20250331122307PGOETZ82D3850DC6B942F799972ECC733BF58C

| **3/31/2025** | **PAUL A. GOETZ, J.S.C.** |
|---|---|
| **DATE** | |

**CHECK ONE:**    [ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

           [ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

**APPLICATION:**    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**155656/2019  SCHIFF, JOSEPH vs. INTERSYSTEM S&S CORP.**
**Motion No. 005 006**

**Page 15 of 15**

15 of 15

[* 15]